### KERNS v. HAGENBUCHLE.

*(Superior Court of New York City, General Term.   January 11, 1892.)*

1. BREACH OF MARRIAGE PROMISE—EXISTING MARRIAGE OF DEFENDANT.
    It is no defense to an action for breach of promise of marriage that defendant was married at the time of the promise, where it does not appear that plaintiff had knowledge of such fact.

2. SAME—TENDER OR DEMAND OF PERFORMANCE.
    The right to an action for a breach of promise of marriage accrues when the promisee discovers that the promisor is married, and such promisee is not bound to tender or request performance.

3. SAME—DAMAGES.
    In an action for breach of promise of marriage a verdict for $5,000 damages will not be set aside as excessive where there is nothing to warrant the belief that the jury were misled or influenced by passion or prejudice.

Appeal from jury term.

Action by Sabina F. Kerns against John B. Hagenbuchle for breach of promise of marriage. Verdict and judgment for plaintiff. Defendant appeals from the judgment and order denying a motion for a new trial. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

*N. T. M. Melliss*, for appellant. *E. G. Duvall, Jr.*, (*John R. Reid*, of counsel,) for respondent.

McADAM, J. The action was brought by the plaintiff to recover damages for a breach of promise to marry. The answer denies the promise alleged, and sets up in defense that the defendant is now, and was at the time when

the alleged promise was made, a married man. The purpose of this defense was to make void any promise of marriage to the plaintiff in case there was evidence that a promise had been made. The jury found a verdict in favor of the plaintiff, and assessed her damages at $5,000, and from this judgment the present appeal was taken. The evidence sufficiently sustains the verdict, and the fact that the defendant was a married man is no defense. In actions of this kind, if a plaintiff knows that the defendant is married, the promise is void, because both parties know that the defendant is incapable of carrying out the contract. *Haviland* v. *Halstead*, 34 N. Y. 643; *Cammerer* v. *Muller*, (Sup.) 14 N. Y. Supp. 511. But where it appears, as it did in this case, that the plaintiff was not aware of the defendant's marriage, the rule has no application. Where the defendant is under a disability known to him, but unknown to the plaintiff, the right of the plaintiff to maintain an action is clear. Thus, in *Harrison* v. *Cage*, 1 Ld. Raym. 387, it was held that a pre-engagement by the defendant is no defense. HOLT, C. J., said: "Pre-contract is a disability, but it will not avoid the performance of your promise, because it proceeds from your own act." Nor is the fact that the defendant was married at the time of the promise necessarily a defense. *Wild* v. *Harris*, 7 C. B. 999: *Millward* v. *Littlewood*, 1 Eng. Law & Eq. 408, 5 Exch. 775. The consideration was said to be that the plaintiff would remain unmarried. POLLOCK, C. B., said "that the defendant impliedly promised that there was no impediment to his performing his promise." This doctrine was also applied in *Blattmacher* v. *Saal*, 29 Barb. 22, which correctly states the law upon the subject. This case is referred to in an article published in 11 Amer. Law Reg. (N. S.) pp. 65, 71. The rule laid down in *Haviland* v. *Halstead*, 34 N. Y. 643, has no application, for in that case the plaintiff knew at the time that defendant had a wife living of a former marriage; that he had been divorced from such former wife for misconduct on his part, and she knew the cause of such divorce, (see opinion of the court at page 644,) and was consequently chargeable with a knowledge of the law applicable. The fact here is the reverse, for the plaintiff had no knowledge of the defendant's incapacity to contract. As the defendant was unable to make his promise good, the plaintiff's right of action accrued the moment she discovered the inability. She was not bound to tender performance on her part, or to request performance on his. In *Short* v. *Stone*, 8 Q. B. 358, it appeared that, subsequent to the promise to marry the plaintiff, the defendant had married another. It was held that this dispensed with any request on the part of the plaintiff. See, also, *Caines* v. *Smith*, 15 Mees. & W. 189; *Lovelock* v. *Franklyn*, 8 Q. B. 378; and *Crist* v. *Armour*, 34 Barb. 378, 387. The plaintiff engaged herself to the defendant, on his implied agreement that he was legally capable of contracting marriage, in consideration of which she has remained unmarried, and has not sought other suitors. She has been intentionally wronged, but, whether intentionally or not, the injury to her is the same.

The next question is whether the damages were excessive. Sutherland, in his work on Damages, (volume 3, p. 323,) says: "It is proper for the jury to consider the pecuniary as well as the social standing of the defendant as tending to show the condition in life which the plaintiff would have secured by the marriage. In these cases the jury should take into consideration the rank and position of the parties, the estate of the defendant, and all the facts proven in the case. And the amount of damages, not being capable of measurement by any precise rule, is left for decision to the discretion of the jury on the circumstances of each particular case, subject to the power of the court to set aside the verdict when it appears that the jury has been misled or influenced by passion or prejudice." In actions for breach of promise vindictive damages are allowed, for this action, though founded on contract, is regarded as being somewhat in the nature of a tort. *Johnson* v. *Jenkins*, 24

N. Y. 252; *Thorn* v. *Knapp*, 42 N. Y. 474. In *Campbell* v. *Arbuckle*, (Sup.) 4 N. Y. Supp. 29, affirmed, 123 N. Y. 662, 26 N. E. Rep. 750, it was held not reversible error to charge the jury that, if they found for the plaintiff, she was entitled to recover such damages as the jury might award; that they were permitted to exercise their discretion in regard to the amount of damages, provided only that their conduct was not marked by prejudice, passion, or corruption. There is nothing in the case to warrant the belief that the jury were misled or influenced by passion or prejudice, and nothing to indicate that the verdict is excessive. The exceptions taken are without merit. It follows, therefore, that the judgment and order appealed from must be affirmed, with costs. All concur.