No. 1,526.

EVE v. ROGERS.

MARRIAGE CONTRACT.— Sufficiency of Evidence.—The evidence, to sustain the validity of a marriage contract, must show that it is binding upon both the parties.

SAME.—Evidence.—Decree Granting Plaintiff Divorce.—In such case, a certified copy of the decree granting plaintiff a divorce from her husband, is competent evidence.

DAMAGES.—Excessive.—Jury Influenced by Prejudice, etc.—New Trial.— When, upon an examination of the evidence, it appears to the mind of the court that the damages assessed are so excessive and unjust that the jury, in assessing them, must have been influenced by passion, prejudice or partiality, or have proceeded upon a wrong principle, a new trial will be ordered.

From the Clark Circuit Court.

E. B. Stotsenburg, A. Dowling and G. H. Voigt, for appellant.

L. A. Douglass and W. D. Marshall, for appellee.

Ross, C. J.—This was an action brought by the appellee, in the Floyd Circuit Court, against the appellant, to recover damages for the breach of a marriage contract. The venue of the cause was changed to the Clark Circuit Court, where, upon a trial by jury, a verdict was returned in favor of appellee.

The specifications of error assigned in this court are as follows:

"First. The court erred in overruling the demurrer to the substituted and amended complaint.

"Second. The court erred in overruling the appellant's motion for a new trial."

The first specification has not been argued, and for that reason is considered waived.

Under the second specification, which calls in review the ruling of the court in overruling appellant's motion

for a new trial, several questions are presented, namely: Whether or not the evidence is sufficient to sustain the verdict; whether or not the court erred in admitting in evidence a certified copy of a decree of the Floyd Circuit Court, and whether or not the damages assessed are excessive.

Counsel, while admitting that the appellee testified that the appellant promised to marry her, insist that her testimony, as shown by the record, fails to prove a contract.

In this position we think counsel are in error. True the evidence is uncertain as to the time when the contract was entered into, and time, in this case, is a very material question, for if the contract was entered into prior to June 1, 1890, and at a time when appellee was a married woman, it was void for want of mutuality. The contract must be binding upon both parties, or it can not bind one. Hence it follows that a contract to marry, entered into between a man and a woman, one of whom is qualified to make such a contract and the other is not, is void, and can not be enforced. Neither can damages be recovered for a breach thereof, for the reason that the contract, not being binding as to the one, is not binding as to the other.

The evidence, as it comes to us, is in narrative form, and although, as heretofore stated, is not clear as to when the promise was made, is sufficient on that question to sustain the verdict.

The court did not err in admitting in evidence the certified copy of the decree of the Floyd Circuit Court, granting appellee a divorce from her husband, Charles P. Rogers. By this we do not mean to be understood as holding that the mere introduction of the copy of the decree, without the other proceedings of the court or the pleadings in the cause, was all that was necessary, but

what we do hold is that the certified copy of the decree was competent evidence, and proper to be given to the jury. *Anderson* v. *Ackerman*, 88 Ind. 481.

This brings us to a consideration of the remaining question, namely: are the damages excessive?

We recognize and appreciate the force of the rule so well settled, viz., that this court will not reverse a judgment on account of the amount of damages assessed in an action of this character, unless the amount assessed clearly appears to have been the result of prejudice, partiality, or corruption; yet, when upon an examination of the evidence, it appears to the mind of the court that the damages assessed are so excessive and unjust that the jury, in assessing them, must have been influenced by passion, prejudice or partiality, or have proceeded upon a wrong principle, a new trial will be ordered.

The damages assessed in this case, in view of the evidence, are excessive, and a new trial should be granted.

Judgment reversed, with instructions to the court below to sustain appellant's motion for a new trial.

GAVIN, J., dissents.

Filed Mar. 20, 1895; petition for rehearing overruled May 28, 1895.