## JOHNSON *v.* ISS.

### (*Nashville.* December Term, 1904.)

1. **CONTRACT OF MARRIAGE.** Will not sustain suit for breach of promise, when.

   An agreement to intermarry is illegal, and will not sustain an action for a breach of marriage contract, when it appears that the plaintiff was a married woman at the time of the promise by defendant, and such promise was made within five years after the disappearance of plaintiff's husband who had deserted her and was not known to be living.

   Code cited and construed: Sec. 4188 (S.); sec. 3293 (M. & V.); sec. 2438 (1858).

2. **SAME.** Same. Not cured by agreement to postpone marriage until legal ob ec ions removed.

   The illegality of the contract is not cured by the fact that the marriage was not to take place until after the five years prescribed by statute had expired, or until plaintiff should procure a divorce from her husband. Such contracts are immoral and against public policy, and cannot be recognized by the courts of this State.

3. **SAME.** Same. Differentiated from contract made by innocent party.

   Such contract is to be differentiated from one in which an innocent party makes a contract of marriage with another who is married, in ignorance of the fact that such other person is at the time a married man or woman.

---

### FROM DAVIDSON.

---

Appeal from Circuit Court of Davidson County.—J. A. CARTWRIGHT, Judge.

WM. G. BRIEN and WM. S. NOBLE, for Mrs. Johnson.

W. A. GUILD, G. N. GUTHRIE, T. C. MULLIGAN and J. P. HELMS, for Iss.

———

MR. JUSTICE NEIL delivered the opinion of the Court.

An action for breach of promise of marriage. The plaintiff in error relies upon the following section of the Code (Shannon's Code, sec. 4188) : "A second marriage cannot be contracted before the dissolution of the first. But the first shall be regarded as dissolved for this purpose, if either party has been absent five years, and is not known to the other to be living."

A plea was filed making the defense that the plaintiff was a married woman at the time the contract was entered into. To this she filed a replication alleging, among other things, a promise after the five years had expired. In her evidence before the jury, however, she testified that she intermarried with her husband on the 26th of May, 1898, that they lived together three weeks, that at the expiration of that time he disappeared, and that the last promise which the defendant made to her was in January, 1903. This was only four and one-half years after the disappearance of the husband. It thus appeared from the plaintiff's testimony that while she was still, in the eyes of the law, a wife, she engaged herself to be married to the defendant, Iss. Such a contract, made under the circumstances stated, is against public policy, and can furnish no standing to a plaintiff

in any court.   The illegality of the contract was not cured by the fact that the marriage was not to take place until after the five years prescribed by statute had expired, or until plaintiff should procure a divorce from her. husband.   Such contracts are immoral, and cannot be recognized by the courts of this State; and the circuit judge acted within his powers, and correctly, when he arrested the further progress of the case, and dismissed it, upon the illegal nature of the demand of the plaintiff thus incontestably appearing.   Of course, the case above stated is to be differentiated from one in which an innocent party makes a contract of marriage with another who is married, in ignorance of the fact that such other person is at the time a married man or woman.

Let the judgment of dismissal be affirmed.