[No. 6152. Decided September 8, 1906.]

JENNIE LEAMAN, *Appellant*, v. ALEXANDER THOMPSON, *Respondent.*[1]

BREACH OF MARRIAGE PROMISE—CAPACITY—DIVORCE—SUBSEQUENT PROMISE—EVIDENCE—QUESTION FOR JURY. In an action for the breach of a marriage contract the evidence raises a question for the jury, where although originally the promise of marriage was made while the plaintiff was already married, it appears that, after the disability was removed by a divorce, the defendant again requested the plaintiff to marry him and she agreed to do so, and the defendant for five years repeatedly made remarks in the presence of others that he intended to marry her; and it is also for the jury whether it was only the original promise that was relied upon.

SAME—DISABILITY—SUBSEQUENT PROMISE. Although a promise to marry may have been originally made while the plaintiff was under the disability of a former marriage, the defendant is liable for breach of promise if, after the disability is removed by a divorce, he repeats his promise of marriage, and then refuses to perform it.

SAME—PLEADING—ISSUES. Where a complaint in an action for breach of promise of marriage alleged a promise in 1898, prior to plaintiff's divorce from her former husband in 1890, further allegations that from time to time thereafter to and including June, 1905, the defendant repeated his promises are sufficient to warrant evidence of a binding promise to marry after the removal of the restrictions.

SAME—AMENDMENT OF PLEADINGS—TO CONFORM TO PROOF. In such a case, if an amendment was considered necessary to conform to the proof, it was an abuse of discretion to refuse to allow it, where the defendant made no objection on the ground of surprise.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered January 18, 1906, in favor of the defendant, upon granting a nonsuit at the close of plaintiff's case, in an action for breach of a marriage promise. Reversed.

*Willett & Willett* and *John H. Perry,* for appellant.

*Coleman & Fogarty,* for respondent.

HADLEY, J.—This is an action for damages for breach of a marriage contract. The complaint alleges that, during the

[1]Reported in 86 Pac. 926.

fall of the year 1898, at the special instance and request of the defendant, the plaintiff promised and agreed to marry him, and that the defendant, in consideration thereof, promised to marry the plaintiff within a reasonable time thereafter; that thereafter the parties talked of their engagement with their friends, and made the same known to the world; that the date for the marriage was at one time fixed for the year 1902, and that the plaintiff, who was then and now is the owner and keeper of a lodging house, set apart and refused to rent desirable apartments, retaining them for the future use of herself and the defendant; that she was led to, and did, announce the approaching marriage to the guests in her house; but that the defendant asked for, and the plaintiff consented to, a postponement of the wedding; that time after time, from the year 1898 to and including the month of June, 1905, the defendant repeated his promise to marry the plaintiff, and in the presence of her friends he so talked and demeaned himself as to give them to understand that he would marry plaintiff within a reasonable time; that confiding in the promise of defendant, the plaintiff has heretofore refused to enter into a marriage contract with any other man, and has at all times been ready and willing to marry the defendant, all of which the defendant well knew; that the defendant has disregarded his promise, has contrived falsely and subtly to deceive the plaintiff, and has not taken her to be his wife, although a reasonable time for that purpose has long since elapsed and he has been frequently requested so to do; and that he has hitherto refused and now refuses to marry the plaintiff. Issue was joined on the complaint, and the cause came on for trial before a jury. At the close of the testimony submitted by the plaintiff, the defendant interposed a motion for nonsuit. Pending the ruling upon this motion, the plaintiff asked leave to amend her complaint in a particular that will be hereinafter explained. Her request was denied, and the nonsuit was granted. Plain-

tiff at once gave notice in open court of appeal, and the cause
is now here for review of the court's refusal to permit the
amendment, and of its order granting the nonsuit.

The evidence developed the fact that the plaintiff had
formerly been married, but that she had been divorced. It
was disclosed that the decree of divorce was entered by the
superior court of Snohomish county on the 8th day of Janu-
ary, 1900. The time first alleged in the complaint when the
first promise of marriage occurred between the parties hereto
was during the fall of the year 1898, which was more than
a year prior to the divorce. For manifest reasons a promise
made at that time was void, as being against public policy
and without legal force and effect. It was the view of the
trial court that the only promise of marriage alleged was that
of 1898, and that all the evidence was in support of that
promise only. The court stated that appellant had selected
a new husband before she was released from the old one, and
that, having then attempted to enter into a contract for mar-
riage, the subsequent negotiations between the parties were
merely intended as a continuance of the original void agree-
ment. It was also the court's view that the evidence did
not disclose any direct promise of marriage on the part of
respondent at any time after appellant's divorce. There was
abundant evidence as to the relations of the parties, covering
a period of more than five years after the divorce. They
maintained toward each other an attitude of much cordiality
and affection. It was shown that respondent manifested
many endearments toward appellant, that he kissed her in
the presence of their friends, and that he repeatedly made
remarks in the presence of others and in the hearing of
appellant which could only be understood as meaning that
he intended to marry appellant. The following appears in
the statement of facts:

"Q. Now, I will ask you whether or not, after the time
you got this divorce, which was granted to you, Mr. Thomp-

son ever again asked you to marry him. A. Yes, sir, he talked about it frequently. Q. You agreed to marry him after that time, did you? A. Yes, sir."

We think the above showed a mutual promise of marriage after the divorce, sufficient, at least, in connection with the other evidence, for submission to the jury. Upon the hearing of the motion for nonsuit, the above evidence was especially called to the attention of the court, and the court then remarked: "Well, I am satisfied that, if there was any promise relied upon, it was the original promise." We think that was also for the jury. It was for them to say, after considering all the evidence, whether there was a promise after the divorce upon which appellant relied. The fact that appellant was under a legal disability to make a valid promise of marriage before her divorce, did not disqualify her from making an effective contract after the disability was removed. We know of no reason in law why the parties were not free to negotiate and enter into a marriage contract after the lapse of six months from the date of the divorce, even though they may have attempted to make an agreement at a former time which was void in law. With mere ethical views as to the former agreement we have nothing to do. We are to determine the controversy here strictly upon the legal rights of the parties as they are made to appear since the time of that first agreement.

With evidence before the jury of the character we have indicated, we are next to ascertain if it was within the averments of the complaint. It is true there is no direct averment of a promise at a specific date after the divorce, but we have seen that it was averred that a time for the marriage was fixed for the year 1902, and that at respondent's request the time was postponed. It is also averred that many times and as late as the month of June, 1905, respondent repeated his promise to marry appellant. The court construed that averment to mean the mere repetition of the original void

promise. If it was a promise to marry at a time when the
parties were legally free to contract marriage, it was a bind-
ing one, and we think the complaint, when considered in con-
nection with the evidence, should have received that construc-
tion. In view of appellant's testimony as to express prom-
ises after the divorce, and of other testimony, the above aver-
ments were broad enough to include it. But, in any event,
after the court indicated that it did not think the averment
sufficient, appellant asked leave to amend the complaint in
that particular. This, it is true, was after the plaintiff had
rested and after the motion for nonsuit was interposed, but
before the ruling thereon. On the court's theory of the insuf-
ficiency of the complaint to support testimony of a later prom-
ise, we think at least permission to amend should have been
granted when it was requested. To force appellant to submit
to a nonsuit would simply send the parties out of court until
a new action might be brought, when the allegations offered
would be made in a new complaint. This would merely pro-
tract the litigation. The parties and the appellant's evidence
were already before the court and jury. No objection was
made by respondent that the amendment would surprise
him or place him at a disadvantage if the trial should proceed
with the amendment made. If the amendment had been of
sufficient materiality and a sufficient showing of prejudice
to respondent had been made, a continuance for a time might
have been granted and terms imposed against appellant. Ap-
plying the court's own theory of the case to the record of the
trial as it is brought before us, we think it was an abuse of
discretion to refuse the amendment. While, as we have
said, we think the complaint was broad enough, when all of its
allegations were considered, to cover the evidence submitted,
yet when appellant sought to conform to the court's theory
and make the complaint more specific so as to unmistakably
conform to the proofs submitted, the amendment should have
been allowed.

For the reason assigned it was error to grant a nonsuit. The judgment is reversed and the cause remanded, with instructions to permit the amendment and to grant a new trial.

Mount, C. J., Fullerton, Rudkin, Dunbar, and Crow, JJ., concur.