(62 Misc. Rep. 354.)

### WILLIAMS v. IGEL.

(City Court of New York, Trial Term. February, 1909.)

1. BREACH OF MARRIAGE PROMISE (§ 7*)—PROMISE BY PERSON ALREADY MARRIED.

   A promise of marriage, to be carried out if the woman, who has a husband living, procures a divorce, is void.

   [Ed. Note.—For other cases, see Breach of Marriage Promise, Cent. Dig. § 5; Dec. Dig. § 7.*]

2. BREACH OF MARRIAGE PROMISE (§ 13*)—DEFENSES—INVALIDITY OF DIVORCE OF PLAINTIFF.

   Where plaintiff sues for breach of promise to marry, defendant may question the validity of the divorce obtained by plaintiff in another state, without personal service, and without appearance of defendant in such action.

   [Ed. Note.—For other cases, see Breach of Marriage Promise, Cent. Dig. § 5; Dec. Dig. § 13.*]

Action by Emily Williams against Herman Igel. Judgment for defendant.

David Finn, for plaintiff.
Bartley J. Wright, for defendant.

GREEN, J. This is an action brought to recover damages for breach of contract of marriage. The case was submitted to the jury under section 1185 of the Code of Civil Procedure, subject to the opinion of the court. Two questions were submitted to the jury: First, did the defendant promise to marry the plaintiff after a certain decree of divorce was obtained by her against her husband in the state of Rhode

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Island? and, second, what damage the plaintiff sustained, if the jury find the promise of marriage was made? The jury answered "Yes" to the first question, and assessed the damages at the sum of $1,250.

The plaintiff, at the time the original promise of marriage was made, was a married woman separated from her husband for 11 years, and the evidence showed that plaintiff and defendant agreed that if she, the plaintiff, would proceed to the state of Rhode Island and obtain a divorce from her husband, he, the defendant in this action, would marry her after the decree was obtained. The plaintiff obtained the decree of divorce from her husband, who, at the time of the commencement of the action in Rhode Island, resided in St. Louis, Mo., and he was never served with process in the state of Rhode Island, nor did he ever appear in the action brought in Rhode Island, either by attorney or personally, and a copy of the summons was served upon him in the action brought in Rhode Island without the state of Rhode Island, and was served in the city of St. Louis, Mo.

It requires no citation of authorities to sustain the proposition that the original mutual promise of marriage, made while the plaintiff's husband was living, and the agreement then made that, if the plaintiff would procure a divorce from her husband, the defendant would marry the plaintiff, was void as against public policy. However, after the decree in Rhode Island was obtained by the plaintiff against her husband, she returned to the city of New York. The plaintiff claims, and the jury found as a fact, that mutual and reciprocal promises of marriage were again made; but the defendant refused to marry the plaintiff. The plaintiff now contends that the second promise, made after she procured her Rhode Island divorce, is a valid, binding contract on the part of the defendant; but the defendant insists that the decree of divorce granted by the courts of the state of Rhode Island was invalid, by reason of the fact that the courts of Rhode Island never gained or obtained jurisdiction of the defendant in that action, and for that reason the divorce is void, and that plaintiff at the time in question, after the decree was granted, and when the second promise of marriage was made, was not in a position to marry the defendant, being still the wife of the man from whom the decree was obtained, and that consequently she cannot maintain this action. I am of the opinion, and it is now the well-settled law of this state, that a divorce obtained in another state without personal service upon the defendant in that state and after his nonappearance personally or by attorney in the said action, is wholly void. Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867; Lynde v. Lynde, 162 N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332; Atherton v. Atherton, 155 N. Y. 129, 49 N. E. 933, 40 L. R. A. 291, 63 Am. St. Rep. 650.

The plaintiff contends, however, that the right to question the validity of the decree is reserved to the party to the action alone, and to no one else; but with this contention I cannot agree. While it is true that the rule is that no one may question the validity or constitutionality of a statute, except a person affected by the provisions of the statute, in the case at bar I am of the opinion that where plaintiff seeks to enforce a right of contract, or rather seeks damages for

a breach of contract, the court has the right to examine the record to ascertain whether plaintiff had the right to make the contract, and particularly where a question of public policy or public morals is involved. If plaintiff was in no position to carry out her contract, and the contract or promise of marriage is based upon mutual promise or agreement to marry, how can she obtain or recover damages for a breach of contract that she was legally unable to perform? The plaintiff, at the time of the promise of marriage made after the decree was obtained in Rhode Island, was still in the eye of the law, and the law of this state, the wife of another, and she had no legal right to marry, or to enter into a contract of marriage, and for this reason I am of the opinion that she is not entitled to recover.

Pursuant, therefore, to section 1185 of the Code of Civil Procedure, upon and under which section of the Code the case was submitted to the jury, subject to the opinion of the court, I do hereby set aside the verdict and direct judgment to be entered for the defendant. Plaintiff may have an exception to the ruling of the court, to be taken as provided by section 994 of the Code of Civil Procedure. Ten days' stay and 30 days to make a case.

Judgment accordingly.