[No. 15083.   Department Two.   April 8, 1919.]

GEORGE C. HARDMAN *et al., Appellants,* v. JOHN E. RYAN *et al., Respondents.*[1]

TRUSTS (20)—CONSTRUCTIVE TRUSTS—FRAUD. A constructive trust, or trust *ex maleficio* arises and may be specifically enforced, where deeds were made by a debtor to a creditor, under an agreement that an agreement of trust was to be executed at the time of delivery of the deeds, and the creditor obtained possession of the deeds for inspection only and recorded the same and refused to execute the trust agreement.

SAME (46)—ENFORCEMENT OF TRUST—PERFORMANCE OF AGREEMENT AS PREREQUISITE. Where such a trust arises, under an agreement that the debtor might redeem the property within one year, it was the duty of the debtor to either enforce specific performance of the trust, or comply with the agreement to redeem or offer to redeem within one year, before claiming damages for loss of the property; since the creditor's failure to deliver the written agreement of trust did not place the creditor in a better position than if it had been executed, and the resulting trust can still be enforced.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 15, 1917, dismissing an action for damages for breach of contract, upon sustaining a demurrer to the complaint. Affirmed.

*Vince H. Faben,* for appellants.

*Grover E. Desmond, Clise & Poe, F. J. Carver, M. M. Richardson,* and *Hugh C. Todd,* for respondents.

[1] Reported in 180 Pac. 142.

Mount, J.—The lower court sustained a demurrer to the plaintiffs' amended complaint. Plaintiffs elected to stand upon the allegations thereof and the action was dismissed. The plaintiffs appeal.

The action was commenced in January, 1917. The facts alleged in the complaint may be briefly summarized as follows: In the year 1915, the appellants were the owners of a certain farm, valued at $50,000. This farm was encumbered by a mortgage of $10,000. A payment of $1,000, together with interest, was due in July of 1915. The respondents held a judgment for $7,500 against the appellants. An execution had been levied upon the property of the appellants and the property was about to be sold to satisfy respondents' judgment. It is alleged that, on July 28, 1915, the appellants and the respondents entered into an oral agreement to the effect that the appellants would deed the said farm and other property to the respondents by deeds absolute; that thereupon respondents would execute a writing agreeing to hold the property in trust for one year, and to either pay the interest and make the payment due on the mortgage, together with the taxes, or obtain postponement thereof for the period of one year; that, within the year, appellants might redeem certain portions of the property upon the payment of stipulated proportionate sums, if such payments were made within a year from the date of the agreement; that appellants, in pursuance of this oral agreement, delivered to the respondents abstracts of title; that, along with these abstracts, deeds were furnished to the respondents for examination only; that respondents, being satisfied with the abstracts of title, recorded the deeds before they were delivered and thereafter refused to execute the written agreement of trust; that, afterwards, the respondents failed

to pay the $1,000 due upon the mortgage and failed to pay the interest and taxes; that the mortgage, being in default, was foreclosed and the property covered by the mortgage was sold to satisfy the same; that respondents refused to satisfy their judgment against the property; and that the property was lost to the appellants. The prayer of the complaint is for damages in the sum of $56,000, the alleged value of the property thus lost to the appellants.

The appellants declare they are not attempting by this action to establish a trust, but they rely upon allegations to the effect that the title deeds were not delivered to the respondents; that respondents unlawfully and fraudulently recorded the deeds in violation of the agreement, refused to pay the amount due upon the mortgage, refused to satisfy the judgment held by them, and refused to execute a written agreement of trust; and contend that, by reason of these facts, the property was lost and they are entitled to damages for its value. Appellants also contend that the act of respondents in taking the deeds and recording them before there was a delivery constituted a fraud which would authorize the court to say that a constructive trust was created. They rely upon the rule stated in 39 Cyc., at pages 169, 170, as follows:

"Constructive trusts do not arise by agreement or from intention but by operation of law; and fraud, active or constructive, is their essential element. Actual fraud is not necessary, but such a trust will arise whenever the circumstances under which property was acquired make it inequitable that it should be retained by him who holds the legal title. Constructive trusts have been said to arise through the application of the doctrine of equitable estoppel, or under the broad doctrine that equity regards and treats as done what in good conscience ought to be done. Such trusts are also known as trusts *ex maleficio* or *ex delicto,* or in-

voluntary trusts, and their forms and varieties are practically without limit, being raised by courts of equity whenever it becomes necessary to prevent a failure of justice;"

and also upon the rule as stated in *Peterson v. Hicks,* 43 Wash. 412, 86 Pac. 634; *McSorley v. Bullock,* 62 Wash. 140, 113 Pac. 279; and *Orr v. Perky Investment Co.,* 65 Wash. 281, 118 Pac. 19.

We are of the opinion, under the allegations of the complaint to the effect that an agreement of trust was to be executed at the time of the delivery of the deeds to the respondents, and that the deeds were given to the respondents only for the purpose of examination and not for the purpose of delivery to be recorded, that, when the respondents had the deeds recorded and refused to execute the trust agreement, this in law constituted a constructive trust or trust *ex maleficio.* Such a trust, under the rule in *Peterson v. Hicks, supra,* may be specifically enforced. The appellants did not, and do not now, attempt to specifically enforce that trust. They knew the deeds were recorded and they knew that the respondents refused to deliver the written trust agreement. We think it was the duty of the appellants either to enforce the trust by specific performance, or to comply with the terms of the agreement and redeem, or offer to redeem, the property within the year.

We fail to see wherein the appellants have been damaged in any event. While it is not alleged that the respondents acquired the property upon the foreclosure of the mortgage, it is shown by inference that the original mortgagee foreclosed his mortgage and the property was sold to satisfy the mortgage. It is not shown who the purchaser was. We think it stands to reason that the respondents were either purchasers or redemptioners, because they had a lien of $7,500

against the property; the mortgage was for $10,000, interest, and costs; and the property itself was worth $50,000. It stands to reason, therefore, that the respondents either became the purchasers or the redemptioners of the property in order to protect their lien of $7,500.

It is said that the respondents violated their agreement by not paying the $1,000, interest, and taxes due on the mortgage, and thereby permitted the foreclosure of the mortgage. This payment of $1,000, interest, and taxes was, of course, an advancement for the benefit of the appellants. If that amount of money had been paid by the respondents, the appellants would have been obligated to repay the respondents. At any rate, it was the duty of the appellants, under the oral agreement as alleged, to redeem all or a part of the property within a year from the making of the agreement. There is no allegation that this was ever done or that the appellants ever offered to make any of these payments. It is difficult, therefore, to see wherein the appellants have as yet been damaged. If the appellants were relying upon the oral agreement which they allege was entered into with the respondents, it was the duty of the appellants to either comply, or offer to comply, with that agreement before they could regain any interest in the property. The fact that the respondents did not deliver the written agreement of trust did not place the appellants in any better position than if the written agreement of trust had been delivered at the time the deeds were delivered. If this written agreement of trust had been delivered, the appellants would have been required to comply with it, and would have been required to pay what they had agreed to pay within time. The appellants apparently knew, from the time the deeds were

recorded, that the written agreement had not been delivered and made no effort to comply with the terms of that agreement. If the allegations of the complaint are true, the appellants may yet enforce the trust agreement as a resulting trust. We are satisfied, therefore, that the complaint does not show any damages which have resulted to the appellants.

We are of the opinion that the trial court properly sustained the demurrer to the complaint.

The judgment of dismissal is therefore affirmed.

CHADWICK, C. J., PARKER, and HOLCOMB, JJ., concur.