## SHAPIRO *v.* STEINBERG *et al.*

No. 9876.   MAY 17, 1934.   REHEARING DENIED JUNE 16, 1934.

*M. L. Kahn,* for plaintiff in error.   *Hendrix & Buchanan,* contra.

GILBERT, J.   Norton I. Steinberg died intestate, seized of certain real estate.   He was survived by his widow, now Mrs. Debbie Shapiro, and two sons, Charles and David A.   Upon consideration of $1, love and affection, and the recital that the father had during his life provided liberally for them, the two sons conveyed to their mother all their right, title, and interest in the property belonging to the estate of their father.   The mother assumed a mortgage on one parcel of the real estate, in the discharge of which she afterward paid $3000.   The two sons instituted suit against the mother, alleging, among other things, that the conveyance by them to their mother was made upon the oral agreement that in the event the mother should marry again she would thereupon convey to each of the sons a third interest in the property, and that they might each occupy a portion of the property during her life; that she had married again, was undertaking to oust them from the portions of the property occupied by them, and had refused to perform the oral agreement to convey to each of them a third interest in the property.   They prayed for a decree awarding the same to them. The petition described three parcels of realty, two located in Fulton County, Georgia, and another located in the State of Alabama.   By their verdict the jury found "that the plaintiffs are entitled to a decree of specific performance of the contract; that is, that the defendant convey to each of them an undivided one-third interest in

all of the property owned by Norton I. Steinberg at the time of his death, and which is described in the plaintiff's petition;" and that the mother should have a lien against the property so conveyed to each of the sons for one third of the amount which she had paid out on account of the mortgage mentioned. The motion of the mother for a new trial was overruled, and she excepted.

Besides the general grounds, the motion contains ten special grounds.

Grounds 1, 2, 3, 4, 5, and 7 complain of the admission of testimony to the effect that the mother agreed orally to convey back to the sons a one-third interest in the property in the event she should marry again, over objection that the same was an attempt to vary, contradict, and add new terms and conditions to the deeds referred to. Ground 6 complains of the refusal to admit testimony which counsel for defendant stated to the court he expected a witness for plaintiffs to give in response to questions on cross-examination, to the effect that a recital contained in the deed from the sons to the mother that their father had during his lifetime provided liberally for them "was a true statement of fact, and would show the real reason and circumstances why the boys did make the deed to their mother," the court having excluded the testimony as irrelevant. Ground 8 complains that the court refused to permit the defendant to testify to what her husband said at the time of his death, her counsel having advised the court that he expected the testimony to be that the husband had stated to the petitioners that he wished all of his property to go to the defendant. Grounds 9 and 10 complain that the court refused to permit the defendant to testify that her husband was wealthy, and that the husband and mother had supported the sons, as irrelevant. The petitioners, a brother-in-law, and a nephew of the defendant testified that the defendant agreed orally, at the time of the execution of the deeds by the sons, that in the event she should marry again she would convey to each of them a one-third interest in the property. The mother testified that she did not make such agreement.

The case was previously before this court. *Shaprio* v. *Steinberg,* 175 *Ga.* 869 (166 S. E. 767). The question then was whether the court erred in overruling the general demurrer to the petition. The questions then involved are shown in the headnotes, as follows: "1. The plaintiffs alleged that they had executed a deed to their

mother, the defendant, conveying their interests in certain real estate which they with their mother had inherited from their father, and that the conveyance was made in consideration of an oral agreement by their mother, (1) that in case of her death without remarriage she would leave a will devising to the plaintiffs or their heirs the property thus conveyed; (2) that in case of her remarriage she would immediately reconvey the property by deed; and (3) that, until the happening of one or the other of these events, the plaintiffs with their families would share the use of the property with the defendant. *Held*, that the petition, so far as it sought to enforce the agreement as to the joint use of the property, was a mere attempt to assert an express trust by parol, and failed to set forth a cause of action. 2. Nor did the petition show a violation of the agreement to make a will. But since it appeared that the defendant had married again, and that her agreement to reconvey the property had thus become ripe for performance, and that the plaintiffs had fully performed their part of the contract, the petition stated a cause of action for specific performance of the agreement to reconvey, notwithstanding the promise was not in writing. The court did not err in overruling the general demurrer." That ruling left only for decision in the present case whether the mother, grantee, of the two sons, plaintiffs in the present case, was bound to reconvey the property to the sons. It was held in the former decision that "the petition stated a cause of action for specific performance of the agreement to reconvey, notwithstanding the promise was not in writing." It becomes necessary, first, to determine whether or not that ruling is the law of the present case. If it is, an affirmance of the judgment of the trial court necessarily results. If it is not the law of the case, we must determine whether the court, on the present record, erred in refusing to grant a new trial. Is the case now the same as when it previously appeared? In the former appearance this court merely had the petition and the demurrer. Of course all facts well pleaded in the petition were accepted as true. So construed, the petition was held good as against the demurrer. The petition did not set out as a part thereof, by exhibit or otherwise, any of the deeds alleged to have been executed and delivered by the sons to the mother, defendant. It was assumed that the petition alleged the entire contract in so far as the same was valid and binding. The consideration is an im-

portant part of a deed; and in this case, except an oral agreement to reconvey in stipulated circumstances, the petition did not allege what consideration moved them to execute the deeds to their mother.

The Civil Code (1910), § 4179, provides: "A deed to lands in this State must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser, or some one for him, and be made on a valuable or good consideration. *The consideration of a deed may always be inquired into when the principles of justice require it."* (Italics ours.) Since it did not appear from the petition that any consideration was recited in the deed, under the express terms of the code just quoted the consideration could be inquired into by parol evidence "when the principles of justice require it." . In *Coldwell Co.* v. *Cowart,* 138 *Ga.* 233, 236 (75 S. E. 425), the court said: "The recital in a deed of the receipt of the purchase-money does not estop the maker from denying the fact and proving the contrary. Civil Code (1910), § 4188. 'Recitals in deeds, except payment of purchase-money, as against the grantor' and his privies, generally work an estoppel. § 5736. The consideration of a deed may always be inquired into when the principles of justice require it. § 4179. Ordinarily where the statement in a deed as to a consideration is merely by way of recital, the actual consideration of the deed is subject to explanation. But if the consideration is referred to in the deed in such a way as to make it one of the terms or conditions of the contract, it can not be varied by parol. This statement, in connection with the rule against permitting the terms of a written contract to be changed by parol, will serve to reconcile a number of rulings where evidence has been admitted to show what was the consideration of the deed or contract with others in which it has been rejected. . . Under the guise of inquiring into the consideration of a deed, it is not competent by parol evidence to change the terms of the deed, or add new terms thereto." As illustrating the two classes a number of cases were there cited, which need not be repeated here. In addition to what was said in the *Coldwell* case it must be remembered that there is another well-recognized rule; that is, where the consideration is not stated in a deed, parol evidence may be received to prove it. Under these rules the case was decided on demurrer.

When the remittitur was returned to the superior court the case was tried on its merits. Among the evidence introduced by the defendant were the deeds from the two sons to the mother, referred to in the petition. In the first of the deeds, which conveyed to the mother all of the interests of the sons in all of the property owned by their father at the time of his death, the consideration was stated as shown in the recitals from the deed as follows: "Whereas Norton I. Steinberg, late of Fulton County, Georgia, deceased, departed from this life on March 6, 1930; and whereas the parties hereto are the only heirs at law of the said Norton I. Steinberg; and whereas during the lifetime of the said deceased he provided liberally for the parties of the first part hereto, his sons; and whereas said parties of the first part for the natural love and affection they bear to their mother, the said Mrs. Debbie Steinberg, party of the second part, are desirous of conveying to her all right, title, claim, or demand which they or either of them have or may have had in and to any property, real, personal, or mixed, which he may have died seized and possessed of: Therefore, in consideration of the premises, and in consideration of the natural love and affection the parties of the first part bear to their mother, the said party of the second part, and in consideration of the sum of $1.00 cash in hand paid, receipt of which is hereby acknowledged, the said parties of the first part, for themselves, their heirs, executors, administrators, and assigns do by these presents sell, release, and forever quitclaim unto the said Mrs. Debbie Steinberg all of their right, title, interest, claim, or demand which they or either of them now have or may have had in and to any part or parcel of the estate of the said Norton I. Steinberg, deceased, including any interest in any property of every kind, character, and description, real, personal, or mixed, and wherever the same may be located either within or without the said State of Georgia." There it appears that the consideration for all of the deeds was love and affection of the sons for their mother, and, what is of very great importance, the further consideration that during the lifetime of the father "he provided liberally" for his sons, the petitioners. The execution of that deed was in the nature of a family settlement of the estate, without administration. Those facts did not appear in the case as formerly decided; therefore the ruling made when the case was formerly here is not applicable as the case now appears,

and is not binding. Under the ruling in the *Coldwell* case, supra, the present judgment stands or falls accordingly as the consideration recited in the deed "is merely by way of recital" or "is referred to in the deed in such a way as to make it one of the terms or conditions of the contract." If the former, it can be inquired into by parol. If the latter, it can not be varied by parol. As we construe the deed it falls under the second classification; and therefore parol evidence was inadmissible to vary the consideration named.

The trial court felt bound by the former decision, and allowed parol evidence offered by the plaintiffs to prove a parol agreement to reconvey two-third interests in the property to the petitioners under the stated condition. The court refused to allow the defendant mother to introduce evidence tending to establish her contention that the consideration of the deeds was love and affection, the liberal provision made by the father in his lifetime to the petitioners, and, in addition, the expressed wishes of the father shortly before his death that the defendant mother should have all of his property. A verdict for the petitioners naturally followed. It follows from what we have said above that the court erred in admitting the parol evidence of the sons, and in refusing to grant a new trial. In this view it is not necessary to deal with the complaint that the court rejected defendant's evidence offered to prove her own contentions.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent on account of illness.*