GUFFIN *et al. v.* KELLY.

No. 13546.   MARCH 19, 1941.   REHEARING DENIED APRIL 3, 5, 1941.

*C. E. Kay, R. B. Lambert, R. B. Pullen,* and *Paul L. Lindsay,* for plaintiffs in error.

*Norman H. Fudge* and *Howard H. Hamrick,* contra.

BELL, Justice. The first question is whether the court erred in overruling the motion to dismiss the suit, on the ground that the petition as amended did not state a cause of action. The plaintiff alleged, in effect, that in May, 1937, he and Mrs. Guffin, who was then a widow, were engaged to be married; that in con-

templation of that event and without other consideration, he purchased the land in question on May 20, 1937, and had the property conveyed jointly to him and Mrs. Guffin; and that on May 24, 1937, he conveyed his interest in the property to her on the same consideration. It was alleged that this latter deed was made with the understanding that it would be of no force and effect except on the happening of the plaintiff's death before the marriage; that on June 16, 1939, Mrs. Guffin breached her engagement with the plaintiff by marrying another man; that, following this event, plaintiff requested a return of the property to him, whereupon Mrs. Guffin proposed that it be deeded to her mother, Mrs. Kay, upon the understanding and agreement that when the plaintiff himself married, it would then be deeded to him by Mrs. Kay, which agreement was consented to by Mrs. Kay, and the deed was made to her accordingly; such deed being without any consideration whatever from her. The plaintiff married another woman on July 13, 1939. Thereafter Mrs. Kay refused to convey the property to the plaintiff, as she had agreed. The plaintiff prayed for a decree of specific performance against both of the defendants, requiring them to convey the property to him, for the cancellation of the deed made by him to Mrs. Guffin on May 24, 1937, and for general relief.

In considering whether the petition stated a cause of action, the allegations must be taken as true; and the fact that at the time of making the engagement the plaintiff had a living wife can not affect the question, since this fact was developed by the evidence, and did not appear in the petition. We think that the petition stated a cause of action based on the theory of implied trust, regardless of other theories. The consideration of a deed when stated merely by recital may always be inquired into when the principles of justice require it. Code, § 29-101. Compare *Rheney* v. *Anderson,* 22 *Ga. App.* 417 (96 S. E. 217); *Ramsey-Fender Motor Co.* v. *Chapman,* 46 *Ga. App.* 385 (168 S. E. 92). According to the petition, this property was merely given to Mrs Guffin in view of their engagement to marry. The Code declares: "If a gift shall be made for a specific purpose expressed or secretly understood, and such purpose is illegal, or from other cause fails or can not be accomplished, the donee shall hold as trustee for the donor or his next of kin." § 48-108. It is generally held that

gifts made in contemplation of marriage are subject to an implied condition that they are to be returned if the donee breaks the engagement, and that the rule applies to real estate as well as personalty; also that in a proper case equity will take jurisdiction to enforce a reconveyance. 28 C. J. 645, 651, §§ 41, 48; 8 Am. Jur. 858, § 20; 24 Am. Jur. 759-761, §§ 56-59; 92 A. L. R. 604-610, see cases cited in note.

Under the foregoing principles, the petition would clearly have stated a good cause of action as against Mrs. Guffin, based on implied trust, if it had been predicated solely upon the alleged facts as they existed at the time of the conveyance to Mrs. Kay; and so we next consider the effect of that conveyance and of the oral agreement with reference thereto, under the allegations of the amended petition. If, as we have held above, the plaintiff had equitable title to the property at the time of the latter conveyance, Mrs. Kay, having paid nothing whatever for the property, acquired the legal title thereto subject to the plaintiff's equity; and this would be true regardless of the oral agreement to convey the property to him on his marriage. See, in regard to implied trusts, Code, §§ 108-106, 108-107; *First National Bank & Trust Co.* v. *Roberts,* 187 *Ga.* 472 (3) (1 S. E. 2d, 12). In all cases where a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, either to imply or rebut a trust. § 108-108. Accordingly, the fact that the plaintiff alleged that a certain oral agreement was made between him and Mrs. Guffin and Mrs. Kay, at the time of such conveyance to the latter, did not render the petition defective as seeking to enforce an express trust by parol. If from all the facts and circumstances an implied trust is otherwise established, it is not destroyed by the express verbal agreement which may have constituted a part of the transaction. The express agreement may be shown, not as fixing the interest to be owned by the parties, but as rebutting the inference of a gift by the plaintiff. *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236); *Romano* v. *Finley,* 172 *Ga.* 366 (2) (157 S. E. 669); *Hemphill* v. *Hemphill,* 176 *Ga.* 585, 590 (168 S. E. 878). Implied trusts are not within the statute of frauds, and the court may hear parol evidence showing the facts from which they are sought to be implied. *Poulet* v. *Johnson,* 25 *Ga.* 403, 411; *Alexander* v. *Alex-*

*ander,* 46 *Ga.* 283; *Stern* v. *Howell,* 160 *Ga.* 261, 266 (127 S. E. 776). Nor in such cases must the allegations and proof conform to the parol-evidence rule, as stated in the Code, § 38-501. *Jenkins* v. *Lane,* 154 *Ga.* 454 (3, *a*) (115 S. E. 126). In such a case, the party seeking relief may pray simply for a decree establishing title in him; but it is not inappropriate to ask for a decree to compel a conveyance as in a case of specific performance. See *McKinney* v. *Burns,* 31 *Ga.* 295; *Holmes* v. *Holmes,* 106 *Ga.* 858 (33 S. E. 216); Peterson *v.* Hicks, 43 Wash. 412 (86 Pac. 634); Hardman *v.* Ryan, 106 Wash. 433 (180 Pac. 142); 58 C. J. 1276, § 632; 65 C. J. 997, § 925. An implied trust is necessarily based upon an implied contract,—implied either in fact or in law. *Jackson* v. *Jackson, Hemphill* v. *Hemphill,* supra and cit. In this case the prayers for specific performance, cancellation, and general relief constituted sufficient basis for a decree of title in the plaintiff, on the theory of implied trust, where the allegations of fact themselves stated a cause of action for such relief.

Counsel for the defendant in error cite and rely on *Shaprio* v. *Steinberg,* 175 *Ga.* 869 (166 S. E. 767), in which it was held that where children conveyed their interests in real estate to their mother, a widow, on an oral agreement that in case of her remarriage she would reconvey the property to them, and where the mother afterwards remarried but refused to make such reconveyance, equity would enforce the agreement as an exception to the statute of frauds, the children having performed their part of the contract by conveying the property to their mother. That being a unanimous decision, it would as it stands be controlling here as to the statute of frauds, but it seems to be in conflict with some other authorities; and so we have concluded to examine the present case from a different angle. Whether the decision is sound or unsound, it would in no wise prevent a recovery in the present case, based on the theory of implied trust. With further reference to the question there dealt with, see *Robson* v. *Harwell,* 6 *Ga.* 589, including dissenting opinion by Warner, J.; Chambers *v.* Butcher, 82 Ind. 508; Haussman *v.* Burnham, 59 Conn. 117 (22 Atl. 1065, 21 Am. St. R. 74); 25 R. C. L. 136, § 135; 27 C. J. 207, § 165; 39 L. R. A. (N. S.) 928, note. The *Shaprio* case was again before this court (*Shapiro* v. *Steinberg,* 179 *Ga.* 18, 175 S. E. 1), where the decision went off on a different question. Under all

the allegations, the petition was not defective because it showed that the plaintiff joined with Mrs. Guffin in executing the deed to Mrs. Kay. *McKinney* v. *Burns,* supra; *Chandler* v. *Georgia Chemical Works,* 182 *Ga.* 419 (185 S. E. 787).

It is further contended that the final marriage of the plaintiff himself did not entitle him to recover, because marriage is not such part performance of a parol agreement, made on consideration of marriage, as would take the case out of the statute of frauds. See Code, § 20-401 (3). There is no merit in this contention, for the reason that the alleged agreement of the parties, made at the time of the conveyance to Mrs. Kay, was not based upon any such consideration, the plaintiff's possible future marriage being stated *only as an event* upon which the property would be conveyed to him. As we have seen above, the agreement is pertinent only as showing an implied trust, and not as constituting within itself an enforceable obligation. Under the allegations, the plaintiff had a complete equity in the land, and was entitled to recover, irrespective of his subsequent marriage. Accordingly, the petition stated a cause of action against both defendants, and the court did not err in overruling the oral motion to dismiss.

■ The plaintiffs in error complain next of the refusal to grant a nonsuit; but they assign error also on the overruling of their motion for new trial, containing the grounds that the verdict was contrary to evidence and without evidence to support it. An exception based on a refusal to grant a nonsuit will not be considered, if the case is submitted to the jury, and, after a verdict for the plaintiff, the defendant in a motion for new trial presents the contention that the verdict is contrary to the evidence and without evidence to support it. *Foremost Dairy Products Inc.* v. *Sawyer,* 185 *Ga.* 702 (5), 716 (196 S. E. 436); *Henderson* v. *Maysville Guano Co.,* 15 *Ga. App.* 69 (82 S. E. 588); *Atlantic Coast Line R. Co.* v. *Blalock,* 8 *Ga. App.* 44 (2) (68 S. E. 743); *Trapnell* v. *Bird,* 21 *Ga. App.* 21 (93 S. E. 498), and cit. Accordingly, we pass over the exceptions relating to the refusal of a nonsuit, and consider under the motion for a new trial, whether the verdict was sustained by the evidence.

■ Although the evidence was in sharp conflict on most of the issues presented by the petition and the answers, the plaintiff's testimony, if believed by the jury, supported the material allega-

tions of his petition as amended, and was sufficient to authorize a recovery, unless it be otherwise because his testimony further showed that at the time he entered into the engagement with Mrs. Guffin he had a living wife, from whom he was living separate and apart, and from whom he was not divorced until some time in the year 1938. It appears from the record that he obtained the divorce more than a year before the transaction with Mrs. Kay. Counsel for the plaintiffs in error cite a number of decisions to the effect that a promise of marriage by a married person is contrary to public policy, and will not be enforced by the courts. Davis v. Pryor, 112 Fed. 274; Carter v. Rinker, 174 Fed. 882; Smith v. Hall, 69 Conn. 651 (38 Atl. 386); Eve v. Rogers, 12 Ind. App. 623 (40 N. E. 25); Kerns v. Hagenbuchle, 17 N. Y. Supp. 367; Johnson v. Iss, 114 Tenn. 114 (85 S. W. 79); Leaman v. Thompson, 43 Wash. 579 (86 Pac. 926); Williams v. Ingel, 116 N. Y. Supp. 778. See 11 C. J. S. 772, § 2; 8 Am. Jur. 848, § 4. The rule thus invoked would not preclude a recovery in the present case; and this is true, regardless of whether that part of the Code, § 48-108, as to a gift for an *illegal purpose* would permit a recovery if the property had not been conveyed to the mother, Mrs. Kay, and Mrs. Guffin alone had been sued. Cf. Code, § 48-109; Schultz v. Duitz (Ky.), 92 A. L. R. 600. Mrs. Guffin did convey the property to Mrs. Kay, and the substantial controversy is between the plaintiff and the latter. While the law will not ordinarily lend its aid to one of the parties to an illegal contract or transaction, this principle could not be applied in favor of Mrs. Kay, if, as testified by the plaintiff, the property was deeded to her by Mrs. Guffin and the plaintiff, to be later reconveyed by Mrs. Kay to the plaintiff. *Chappell* v. *Stapleton*, 58 *Ga. App.* 138 (198 S. E. 109); McBlair v. Gibbes, 17 How. 232, 235 (15 L. ed. 132), and cit.; Matta v. Katsoulas, 192 Wis. 212 (212 N. W. 261, 50 A. L. R. 293, note); 12 Am. Jur. 720, § 211, and cit.; 17 C. J. S. 671, § 283; 28 L. R. A. (N. S.) 996, note and cit. Whether or not the plaintiff was entitled to the relief of cancellation, which appears to have been granted by the decree but not by the verdict, neither Mrs. Guffin nor Mrs. Kay was harmed by the grant of any such relief, Mrs. Guffin having conveyed all her title and interest to Mrs. Kay, and the essential issue as between the plaintiff and Mrs. Kay being whether she held the property under an implied trust.

It appeared from the evidence that the deeds by the plaintiff and Mrs. Guffin to Mrs. Kay recited, as to Mrs. Guffin, that it was made "in consideration of love and affection and to provide a home for the grantee," as "a gift by me [Mrs. Guffin] to her," and that as to the plaintiff it was made "in consideration of one dollar and other valuable consideration." The plaintiff testified that as to him the deed was without any consideration whatever flowing from Mrs. Kay. As to each of the grantors, the deed itself shows that the consideration was stated merely by way of recital. Consequently the plaintiff's evidence as to the whole transaction, including consideration, did not violate the parol evidence rule. In this respect, the case differs from *Shaprio* v. *Steinberg,* supra. Accordingly, the court did not err in overruling the motion for new trial on the general grounds relating to the plaintiff's action.

■ Nor do we find merit in any of the special grounds of the motion relating to the main action. The charges on specific performance of a *parol agreement* were harmless, if inapplicable. This is true for the reason that, if the jury found for the plaintiff on the essential issues *as charged,* the plaintiff was entitled to a decree of the title in him as against the defendants, without *enforcement* of such parol agreement; and the verdict merely found that such title be decreed in him, making no reference to specific performance. Nor were the defendants harmed by the charge on cancellation. See reference to this subject in the preceding division. The excerpts complained of as failing to state or recognize the defendants' contentions are not subject to the criticisms lodged against them, since in other portions of the charge the contentions of the defendants were substantially stated.

With further reference to the main action, let it be said that the theory of implied trust may not have been expressly urged in the trial court, as it has not been in this court; still it is a well recognized rule that if a judgment is right for any reason it should be affirmed. *Hill* v. *Smith,* 157 *Ga.* 210, 212 (121 S. E. 214); *Coker* v. *Atlanta,* 186 *Ga.* 473, 475 (198 S. E. 74), and cit.; *Citizens & Southern Bank* v. *Union Warehouse Co.,* 157 *Ga.* 434 (6, *b*) (122 S. E. 327); *Crittenden* v. *Southern Home Building & Loan Asso.,* 111 *Ga.* 266 (5) (36 S. E. 643). Regarding the above quoted Code provision on the subject of gifts (§ 48-108), we may observe that this provision appeared in the first official Code (1863,

§ 2625), and has likewise appeared in all subsequent Codes. Although the present case seems to be the first occasion for its application by this court, it fits the case almost as perfectly as if made for it, so far as the alleged gift is concerned. We learn from law writers that it came from the mind of Thomas R. R. Cobb, one of the codifiers of the first Code. Of him it was said by Chief Justice Simmons that he was the greatest lawyer Georgia ever produced, and one who, the Chief Justice thought, was without a superior in any other State. See History of the First Georgia Code by Judge Richard H. Clark, Georgia Bar Association Report, 1890; *Brown* v. *Brown,* 184 *Ga.* 827, 830 (193 S. E. 754); opinion by Chief Justice Simmons, in *Bradley* v. *State,* 111 *Ga.* 168, 173 (36 S. E. 630, 59 L. R. A. 691, 78 Am. St. R. 157).

In reference to the cross-action filed by Mrs. Guffin, on conflicting evidence the verdict in favor of the plaintiff and against her was authorized. As to this cross-action, the court gave a charge which is complained of on the ground that it failed to instruct the jury from what date they might compute interest in the event they found the defendant entitled to recover. Even if the judge may have erred in this respect, the error was harmless, since the jury did not find in the defendant's favor even as to principal. See *Howard* v. *Georgia Ry. &c. Co.,* 35 *Ga. App.* 273 (2, 3) (133 S. E. 57); *Trammell* v. *Atlanta Coach Co.,* 51 *Ga. App.* 705, 706 (181 S. E. 315), and cit. The same charge was also assigned as error upon the ground, that, after stating conditions under which the defendant would be entitled to recover, the charge went on to say that if "she is otherwise entitled to recover she would be entitled to recover the full sum" with interest. It is contended that the use of the words "otherwise entitled to recover" required the defendant to prove something that was not necessary, and something that was not even stated in the charge as an element of her case; also that such charge was confusing and prejudicial. Under the facts of the record and in view of the entire charge, this ground does not show cause for a reversal.

The court did not err in overruling the motion for new trial. *Judgment affirmed. All the Justices concur, except*

ATKINSON, Presiding Justice, dissenting. In 1 Pomeroy's Equity Jurisprudence (4th ed.), 738, § 397, it is said: "The maxim . . he who comes into equity must come with clean

hands, . . assumes that the suitor asking the aid of a court of equity has himself been guilty of conduct in violation of the fundamental conceptions of equity jurisprudence, and therefore refuses him all recognition and relief with reference to the subject-matter or transaction in question. It says that whenever a party, who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him in limine; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy." In § 401 illustrations are given for application of the principle where the plaintiff's claim is affected by his own fraud. It is said: "If a contract has been entered into through fraud, or to accomplish any fraudulent purpose, a court of equity will not, at the suit of one of the fraudulent parties—a particeps doli, while the agreement is still executory, either compel its execution or decree its cancellation, nor, after it has been executed, set it aside, and thus restore the plaintiff to the property or other interests which he had fraudulently transferred. Equity will leave such parties in exactly the position in which they have placed themselves, refusing all affirmative aid to either of the fraudulent participants." In § 402 illustrations are given for application of the principle where illegality of the transaction was involved and the parties were in pari delicto. It is said: "The principle is thus applied in the same manner when the illegality is merely a malum prohibitum, being in contravention to some positive statute, and when it is a malum in se as being contrary to public policy or to good morals. Among the latter class are agreements and transfers the consideration of which was violation of chastity, compounding of a felony, gambling, false swearing, the commission of any crime, or breach of good morals." See *Watkins* v. *Nugen,* 118 *Ga.* 372 (45 S. E. 260); *Deen* v. *Williams,* 128 *Ga.* 265 (3, 4) (57 S. E. 427); 7 Words and Phrases 444, and cit.; 21 C. J. 180, §§ 163, 171, 173, 177, 178, and cit.

The plaintiff Kelly seeks the aid of equity to escape the results of his conduct in causing legal title and possession of the land to be vested in the woman (now Mrs. Guffin)', which she afterwards conveyed to her mother, Mrs. Kay. Being himself a married man, his agreement to intermarry with the woman, now Mrs.

Guffin, was contrary to public policy which encourages matrimonial harmony. In these circumstances the participation of the plaintiff in the enterprise was contrary to public policy, and with respect to the matter now in question put him in the position of one who under the rules of equity has not clean hands. The case is not altered by the subsequent conveyance by the woman to her mother. The mother as grantee in such conveyance stands in the shoes of the daughter, and, without resort to the merits of the plaintiff's demand, may suggest that the plaintiff comes not with clean hands, and consequently may not enjoy remedies that might otherwise be afforded in equity. If it were otherwise, the wholesome general rule could be avoided wherever there was alienation of the property, notwithstanding the plaintiff's hands remained defiled. In the circumstances equity will not declare a trust in favor of the plaintiff or grant him other relief, but will leave the parties and the property where it finds them, with full legal title vested in the mother.