HON. HOYT H. WHEELER,
HON. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
HON. JONATHAN ROSS,

---

BALDWIN BROTHERS *v.* C. D. POTTER.

*Principal and Agent. Certified Execution.*

An agent is bound to account to his principal for money received by him in the course of his agency, for goods sold by his principal on orders obtained by him as such agent, on commission, although such sales, as between the principal and purchaser, be illegal and void.

A certified execution was held to have been correctly granted in such case.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by the court, September term, 1873, ROYCE, J., presiding.

The case was tried upon the following agreed statement of facts:

"The plaintiffs were merchants and partners, residing and do-ing business at St. Albans, Vt. They employed the defendant to solicit orders for and sell an article known and called 'prize candy,' on commission. It was the practice of the parties, under

said employment, for the defendant to solicit and take orders for said goods, and send such orders to the plaintiffs, who would thereupon send the candy to the parties ordering it, and charge it directly to the purchaser, on the plaintiffs' books, and for the defendant, when convenient, to make collections in respect thereof for the plaintiffs, receipt therefor, notify the plaintiffs thereof, and pay the amounts collected, over to the plaintiffs on demand.

" The defendant entered upon said business; and in November, 1870, and January 1871, he sent orders for said candy for various parties in the state of New York, to the amount of $103, and afterwards, in August and September, 1871, collected the pay for the same, as the plaintiffs' agent. In November and December, 1870, and February and March, 1871, the defendant sold, and sent orders to the plaintiff from various parties in the state of Massachusetts for said candy, to the amount of $210.52, and afterwards, in August and October, 1871, collected pay for the same as the plaintiffs' agent. During the years 1870 and 1871, the defendant sold and sent orders for said candy from various parties in Vermont, to the amount of $215.57, and afterwards, in August, September and October, 1871, collected the pay for the same as the plaintiffs' agent.

" On the delivery of said goods by the plaintiffs, they charged the same to the purchasers, on their books; and on receiving notice from the defendant of said collections, they credited to such purchasers the amounts thereof. The plaintiffs delivered to the defendant four silver dollars and four silver half dollars, as samples of the prizes contained in certain of said prize candy packages, which, with the premium thereon, were of the value of $6.72, and which the defendant has never returned, nor accounted for, to the plaintiffs. It is agreed that the commission to which the defendant is entitled, is equal to, and shall be set off against, items in the plaintiffs' favor; specification not included in the amounts aforesaid.

"Said prize candies were of three kinds, and were known and called the 'Challenge,' 'Gem,' and 'United States Silver Coin,' and were put up in packages designed to be sold at retail for a certain price per package. Each package, in addition to a quantity of candy, contained a prize of some value; and the inducement to purchase one or more of the packages at retail, was the chance of receiving with the candy, a prize, some of which were of greater value, and some of less value, than the price paid. The plaintiffs, at St. Albans, put up said candy in packages, with a prize in each package, and put up the packages in boxes containing a certain number thereof. The plaintiffs sold

Baldwin Brothers v. Potter.

said candy by the box only, and each box of the several kinds, contained the same amount of candy, and the same prizes, and the prizes contained in each box, were printed on the out side, and on printed circulars ; and cards were used by the plaintiffs, and the defendant as their agent, in connection with the sale thereof, stating particularly the kind and value of each article containe in the box as a prize ; and each purchaser thereof from the plaintiffs, was informed and knew the amount of candy, and the exact number, value, and kind of articles as prizes, contained in each box that he bought ; and the plaintiffs knew that such purchasers intended to sell the same at retail, in the vicinity of the place of purchase, and that the prizes would be drawn as hereinbefore stated, by the retail purchasers thereof.

" In respect to said business, and in the collection of said money, the defendant acted solely as the agent of the plaintiffs. On the 18th of October, 1871, the plaintiffs demanded of the defendant to account to them for the money collected by him as aforesaid, and said silver coins, and to pay over the amount thereof to them, but the defendant absolutely refused, and ever since hath refused, so to do ; and has never paid the same, nor any part thereof.

" If upon the foregoing facts the court is of opinion that the plaintiffs are entitled to recover for the sums as stated, which were collected upon sales in the states of New York, Massachusetts, and Vermont, or either of said states, or for said silver coins, judgment shall be rendered for the plaintiffs for such sums, and interest from the dates ' of collection of the money, and the date of the delivery of the coin. If the plaintiffs are not entitled to recover in respect of any of said items, then judgment shall be rendered for the defendant to recover his costs."

An agreement was also made as to some of the provisions of the statutes of New York and Massachusetts relating to offences against public policy, in force at the time of said sales. The court rendered judgment for the plaintiff, *pro forma*, to recover the full amount claimed, with interest thereon as stipulated ; and found that the defendant received said money in a fiduciary capacity, and converted the same to his own use, and adjudged, *pro forma*, that the cause of action arose from the willful and malicious act and neglect of the defendant, and that he ought to be confined in close jail ; to all which the defendant excepted.

*Davis & Adams*, for the defendant.

The buying of these boxes of prize candy, and exposing for sale the packages with prizes to be drawn, would be the " setting up of a lottery," within the meaning of § 5, ch. 119, of the Gen. Sts. By selling these boxes of prize candy to the retail dealers for that purppse, the plaintiffs were aiding and concerned in the setting up of a lottery, within the meaning of the above statute.

The case states that each package, in addition to a quantity of candy, contained a prize, which was the inducement to the retail purchaser to buy. A sale at retail, then, would be a violation of law. Ib. § 6. The plaintiffs put the candy up in this form, for the very purpose of enabling the retail dealer to sell it in violation of law. Their situation is not unlike that of the maker of counterfeit money. Property in that condition becomes outlawed. The law does not protect it, or recognize it as property. *Spalding* v. *Preston*, 21 Vt. 9. The plaintiffs having no property in the articles sold, could have no title to the money arising from its sale. The putting up of this candy in packages, and its sale to retail buyers, had for its object the violation of a statute, and was therefore void. *Territt et al.* v. *Bartlett*, 21 Vt. 184; *Laughton* v. *Hughes*, 1 Maule & S. 593. The fact that the retail buyer knew what he purchased, and run no chance himself, can make no difference. The sale by the plaintiffs was connected with, and contemplated, an illegal transaction. *Buck* v. *Albee*, 26 Vt. 184. The plaintiffs did something to aid the retail dealers in their unlawful design. They furnished them the articles, put up in the necessary form, to be sold contrary to law. The courts will not aid them in obtaining the price for those articles. *Aiken* v. *Blaisdell*, 41 Vt. 655; Story Confl. Laws, § 251; *Gaylord* v. *Soragen*, 32 Vt. 110; *Duffy* v. *Gorman*, 10 Cush. 45; *Foster et al.* v. *Thurston*, 11 Cush. 322. It would be against public policy to protect the sale of the candy by the plaintiffs. Therefore the sale was void. On either ground, the plaintiffs gained no title to the money. The plaintiffs and defendant were *in pari delicto* in the transaction. The court will not interfere to aid one party to obtain from the other the money arising from their unlawful enterprise.

The retail sale of prize candy in the state of Massachusetts, as it was designed by the plaintiffs it should be sold, by putting it up in the manner they did, would be a violation of the law of that state. Gen. Sts. of Mass. ch. 167, § 1. The same may be said of the sales in the state of New York. 2 Rev. Sts. (5th ed.) p. 93, §§ 37, 45, p. 928, §§ 29, 30, 31, 32, 33, 34; Bouv. Law Dict., Lottery; 33 N. H. 329; *Governors of Almshouse* v. *American Art Union*, 7 N. Y. 228. An enterprise that has for its object the violation of the laws of another state, will not be protected by the courts of this state. Story Confl. Laws, §§ 245, 257, and note. The sale of prize candy put up in the manner described in the statement of facts, is illegal in either state. The plaintiffs therefore derived no title to the money arising from this illegal sale.

The plaintiffs, if they recover, are not entitled to a certified execution. There can be no willful and malicious act or neglect in making, in good faith, a defence to the merits of an action.

*Edson & Rand* and *Benton, Hill, & Cross*, for the plaintiffs.

The sales made by the plaintiffs, as detailed in the agreed statement of facts, are legal transactions. It will be seen that the sale made by the plaintiffs, through the defendant as their agent, was not dependent upon any chance. They sold a given number of pounds of candy and certain other specified articles, at and for a stipulated price. The legal effect of such sale is the same as though the candy was in one package, and the other articles in another, and the two sold together for a sum agreed upon. Such a sale is legal under the statutes of the several states. If, then, the sale itself be legal, it cannot be made illegal by the intention with which it is consummated. The illegal intention must be accompanied by an act which is criminal or prohibited by law, in order to make the transaction illegal. 1 Bishop Crim. Law, 520.

But whether the original sale was illegal or not, the cause of action here declared upon is not tainted with any illegality. "The correct principle of law is, that where the cause of action is founded on a new consideration, unconnected with the illegal act, although growing out of it, it may be enforced, although the illegal act was known to the party to whom the promise was made,

and he was the contriver of the illegal act." *Armstrong* v. *Toler*, 11 Wheat. 258 ; *Tenant* v. *Elliot*, 1 B. & P. 3 ; *Farmer* v *Russell*, Ib. 296 ; *Leavitt* v. *Blatchford*, 5 Barb. 9 ; *Hook* v. *Gray*, 6 Barb. 398 ; *Anderson* v. *Moncrief*, 3 Desaus. (S. C.) 132 ; *Evans* v. *Trenton*, 4 Zab. (N. J.) 764 ; *Merritt* v. *Millard*, 5 Bosw. 645. The test as to whether a demand connected with an illegal transaction is capable of being enforced at law, is, whether the plaintiff requires to rely on such transaction, in order to establish his case." Chit. Cont. 570. Here the cause of action is founded upon the receipt by the defendant of money belonging to the plaintiffs. The proof of such receipt, and of a demand and refusal to pay the same over, makes out a cause of action. The duty of the defendant to pay over, arises, primarily and entirely, not from the alleged illegal transaction, but from a new and subsequent consideration—the receipt of the money. Having received the money of his principals, the legality of the transaction of which it is the fruit, does not affect the right of the principal to recover it out of his hands. *Troy* v. *Aiken*, *ante*, 55 ; Dunlap's Paley Agency, 61, and cases cited.

The agreed statement of facts shows that the defendant was the receiver of the money declared for, in a fiduciary capacity, and had converted the same to his own use. These facts being found, the certified execution was properly granted. Gen. Sts. ch. 121, § 24. *Adams et al.* v.. *Wait*, 42 Vt. 16.

The opinion of the court was delivered by

PIERPOINT, Ch. J. We do not find it necessary in this case to consider the question as to whether the contract for the sale of the property referred to, by the plaintiffs, to the several persons who purchased it, were contracts made in violation of law, and therefore void, or not. This action is not between the parties to those contracts ; neither is it founded upon, or brought to enforce them. If those contracts were illegal, the law will not aid either party in respect to them ; it will not allow the seller to sue for and recover the price of the property sold; if it has not been paid ; if it has been paid, the purchaser cannot sue for and recover it back. The facts in this case show that the purchasers

paid the money to the plaintiffs, not to the plaintiffs personally, but to the defendant as the agent of the plaintiffs, authorized to receive it. When the money was so paid, it became the plaintiff's money, and when it was received by the defendant as such agent, the law, in consideration thereof, implies a promise on the part of the defendant, to pay it over to his principals, the plaintiffs; it is this obligation that the present action is brought to enforce: no illegality attaches to this contract. But the defendant insists that, inasmuch as the plaintiff could not have enforced the contracts of sale as between himself and the purchaser, therefore, as the purchaser has performed the contracts by paying the money to the plaintiffs through me, as their agent, I can now set up the illegality of the contract of sale to defeat an action brought to enforce a contract on my part to pay the money that I as agent receive, over to my principal. In other words, because my principal did not receive the money on a legal contract, I am at liberty to steal the money, appropriate it to my own use, and set my principal at defiance. We think the law is well settled otherwise, and the fact that the defendant acted as the agent of the plaintiffs in obtaining orders for the goods, does not vary the case. *Tenant* v. *Elliot*, 1 B. & P. 2; *Armstrong* v. *Toller*, 11 Wheat. 257; *Evans* v. *City of Trenton*, 4 Zab. (N. J.) 764.

We think the certificate granted by the county court was properly granted. It has been urged in behalf of the defendant, that the zeal with which he has defended this case shows that he intended no wrong; but we think the man who receives money in a fiduciary capacity, and refuses to pay it over, does not improve his condition by the tenacity with which he holds on to it.

Judgment of the county court affirmed.