## KIEWERT VS. RINDSKOPF.

*Illegality of contract as a defense.*

If A. obtains money from B. as for the purpose of paying it, for B., to X., upon their agreement with X., and does not so pay it, but converts it to his own use, he cannot retain it, as against B., on the ground that the contract with X. was illegal.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover moneys alleged to have been obtained from plaintiff by defendant, upon a false and fraudulent representation, as for the purpose of paying the same to a third person in the plaintiff's behalf, and to have been retained by defendant and converted to his own use. The case is more fully stated in the opinion.

The plaintiff appealed from a judgment of nonsuit.

For the appellant, there was a brief by *Jenkins, Elliott & Winkler*, and oral argument by *D. S. Wegg:*

1. If a servant or agent, in the prosecution of an illegal enterprise for his master, has received money or other property belonging to the latter, he is bound to turn it over to him, and cannot shield himself from liability therefor upon the ground of the illegality of the original transaction. 2 Chitty on Con., 918, 971 et seq.; Wood's Master & S., § 202; Broom's Leg. Max., *568; *Merryweather v. Nixon*, 2 Smith's L. C., 6th Am. ed., 529; *Tenant v. Elliott*, 1 Bos. & Pul., 3; *Farmer v. Russell*, id., 296; *Bousfield v. Wilson*, 16 M. & W., 185, 189; *Vischer v. Yates*, 11 Johns., 23; *M'Allister v. Hoffman*, 16 S. & R., 147; *Anderson v. Moncrieff*, 3 Desauss., 132; *Gilliam v. Brown*, 43 Miss., 641, 656, 659, and cases there cited. 2. Where an illegal contract has been executed by the parties, and the illegal object accomplished, one receiving the avails cannot refuse to account upon the ground of the illegal character of the original contract. *Armstrong v. Toler*, 11 Wheat., 258; *McBlair v. Gibbes*, 17 How., U. S., 236; *Brooks*

v. *Martin*, 2 Wall., 70; *Planter's Bank v. Union Bank*, 16 id., 483, 500. See also *Baehr v. Wolf*, 59 Ill., 470, 474, 476; *Davies v. Ins. Co.*, 38 L. Rep., N. S., 478; *S. C.*, 17 Alb. L. J., 478.

For the respondent, there was a brief by *Cottrill, Cary & Hanson*, and oral argument by *Mr. Cottrill:*

1. The contract between the parties was void as against public policy. *Wight v. Rindskopf*, 43 Wis., 344. 2. The contract being illegal, and plaintiff having paid over the $3000 in pursuance thereof, he cannot now recover it. Broom's Leg. Max., 5th Am. ed., 482–5, 488–90, 492–6, 498–500; 1 Story on Con., 5th ed., §§ 760–766; *Norman v. Cole*, 3 Esp., 253; *Simpson v. Bloss*, 7 Taunt., 246; *Fivaz v. Nicholls*, 2 M., Gr. & Scott (52 E. C. L.), 501; *Robeson v. French*, 12 Met., 24; *Burt v. Place*, 6 Cow., 431; *Perkins v. Savage*, 15 Wend., 412; *Saratoga Co. Bank v. King*, 44 N. Y., 87; *Hegarty v. Shine*, 8 Cent. L. J., 111; *Swartzer v. Gillett*, 2 Pinney, 238; *Miller v. Larson*, 19 Wis., 463. If part of a contract is illegal, no separation of the good from the illegal will be attempted, where the party seeking to enforce the contract is a wrongdoer. *Saratoga Co. Bank v. King, supra; Widoe v. Webb*, 20 Ohio St., 431, and cases there cited; *Trist v. Child*, 21 Wall., 441; 1 Story on Con., *ubi supra*. Where the parties to an action are *in pari delicto*, the court will not lend its aid to either. The criterion is, whether plaintiff can make out his case otherwise than through the medium and by the aid of the illegal transaction to which he is himself a party. Broom's Leg. Max., 484; *Simpson v. Bloss*, and *Fivaz v. Nicholls, supra; Mallalieu v. Hodgson*, 16 A. & E., N. S., 690; *Way v. Foster*, 1 Allen, 408. 3. The action being in trover, it was necessary to prove a previous demand and refusal, or a distinct actual conversion. *May v. Crook*, 1 Pinney, 546; *Root v. Bonnema*, 22 Wis., 539; *Supervisors v. Decker*, 30 id., 624.

ORTON, J. The circumstances under which the money was

paid by the plaintiff to the defendant, a part of which is sought to be recovered in this action, were substantially as follows: Robert Kiewert, a brother of the plaintiff, was under indictment in the federal court for certain offenses against the revenue laws of the United States, and the defendant informed the plaintiff that O. W. Wight, an attorney at law, offered and agreed to render certain services through the attorneys of the government, by which the sentence of said Robert, in case of his conviction, should be reduced to the least punishment allowed by law for such offenses, in consideration of the sum of three thousand dollars.

In consequence of this representation, and with this understanding, the plaintiff gave and paid to the defendant said sum of three thousand dollars, to be paid to the said Wight for such services; but the defendant paid to the said Wight only one thousand dollars of such sum, and converted the balance to his own use; and it was not true that said Wight had offered and agreed to render such services for the sum of *three* thousand dollars, but in truth and fact he had offered and agreed to render the same for the sum of *one* thousand dollars only, the sum so actually paid to him therefor. This action is brought to recover the two thousand dollars so fraudulently obtained and converted.

It is contended by the learned counsel of the respondent, that the agreement so made between the plaintiff, through the agency of the defendant, and the said Wight, for such services, was illegal and void, and that therefore none of the moneys so paid by the plaintiff to the defendant for the purpose of carrying it into execution can be recovered; and the circuit court seems to have taken this view of the question, and rendered judgment against the plaintiff, from which this appeal is taken. In any view which can be taken of this case, under the pleadings and the evidence, we think the judgment is erroneous.

I. If there was any contract in respect to these services of

Wight, which would be held illegal or against public policy, and therefore void, it related only to the payment of *one* thousand dollars; and the two thousand dollars sought to be recovered in this action was not within, but entirely outside of, such contract, and, even in the absence of any fraud, was paid to the defendant and is held by him without any consideration whatever, and is not affected by the illegality of the contract, and belongs to the plaintiff, and in equity and good conscience ought not to be retained by the defendant, and may be recovered as for money had and received. *Woodward v. Hill*, 6 Wis., 143.

II. The gravamen of this action is the fraud practiced by the defendant in obtaining the two thousand dollars from the plaintiff by falsely representing that this sum was within and a part of the contract with Wight, and that the sum agreed to be paid to Wight was *three* thousand dollars, when in fact it was only *one* thousand dollars. Where money is so charged to have been obtained by fraudulent representations, the only material questions to be considered are: *First*, Were such representations intentional, material and false? *Second*, Did they produce a false impression upon the mind? *Third*, Were they the inducement of the payment? *Fourth*, Were they relied upon as being true? If these elements are present, they constitute a positive fraud without exception, and the matters to which such fraudulent representations relate, whether legal or illegal, will not lessen the fraud or affect the liability of the guilty party. Kerr on Fraud and Mistake, 73; *Smith v. Mariner*, 5 Wis., 551; *Kelley v. Sheldon et al.*, 8 Wis., 258; *Reynell v. Sprye*, 21 Law J., Ch., 633.

III. If it is found from the evidence that the agreement was, that Wight should render such services so claimed to be improper and against public policy, for the sum of *three* thousand dollars, and the defendant obtained the same from the plaintiff for the purpose of such payment, but actually paid Wight only *one* thousand dollars, and converted the other

two thousand dollars to his own use, even then the plaintiff may recover the money so misapplied and converted, and the defendant cannot defend on the ground that the contract for such services was illegal or against public policy. In respect to such a transaction, the defendant was the agent of the plaintiff, and received the money of the plaintiff with specific directions as to its application and payment as such, and cannot be allowed to say, in defense of an action to recover the moneys so misapplied and converted, in respect to the contract in pursuance of which, or on account of which, he received it, *contra bonos mores*, to exculpate himself from his admitted fraud and breach of trust.

The maxim, *In pari delicto melior est conditio possidentis*, has application only as between the immediate parties to an illegal contract, and does not govern where the action is brought by one of such parties to recover money received by a third party in respect of his illegal contract. Broom's Legal Maxims, §§ 567–8; *Tenant v. Elliott*, 1 B. & P., 3; *Farmer v. Russell*, id., 296; *Bousfield v. Wilson*, 16 M. & W., 185. Within this principle it has been held that when moneys of the principal are in the hands of an agent, as the proceeds of property sold, with directions of the principal to pay it out for an illegal purpose, and the agent pays out for such purpose only part of such moneys, and converts the balance to his own use, the principal may recover of the agent such unexpended balance (*Bone v. Eckless*, 19 Law J., Exch., 438); and that money bet upon an election, and deposited with a stakeholder, who, after the event of the election is known, has notice not to pay it over to the winner, may be recovered back by the loser. *Hastelow v. Jackson*, 8 B. & C., 221; *M'Allister v. Hoffman*, 16 Serg. & R., 147. "While the law will not enforce an illegal contract, yet if a servant or agent of another has, in the prosecution of an illegal enterprise for his master, received money or other property belonging to his master, he is bound to turn it over to him, and

cannot shield himself from liability therefor upon the ground of the illegality of the original transaction." Wood on Master and Servant, § 302; *Anderson v. Moncrieff*, 3 Desauss. (S. C.), 126; *Brooks v. Martin*, 2 Wall., 79; *Gilliam, Ex'r, v. Brown*, 43 Miss., 641. While the money remains in the hands of the agent, notwithstanding such agent may have received it for the purpose of using it or paying it out in pursuance of an illegal contract between his principal and a third person, and has been directed to so use or pay it, there appears to be no reason for making an exception to the law governing the relation between principal and agent, for such a case, which would prevent the principal from countermanding such directions, and revoking the authority of the agent, and recovering the money. The principle recognized by the above authorities has been sanctioned by the court in *Douville v. Merrick*, 25 Wis., 688, and need not be further considered, except to affirm it in this case.

IV. As to the two thousand dollars never paid out in pursuance of an agreement with Wight, however illegal that agreement may have been, and to the extent of such nonpayment, the contract remains *in fieri* and executory, and to that extent may be rescinded, and the money so remaining in the hands of the defendant may be recovered. The law will not lend its aid to enforce an illegal contract while it remains executory, or disturb it after it is fully executed (2 Chitty on Con., 971; *Miller v. Larson*, 19 Wis., 463); but it will in all cases favor its rescission and abandonment before its execution. 2 Parsons on Con., § 476. "If an illegal contract be executory, and if the plaintiff dissent from or disavow the contract before its completion, he may, on disaffirmance, recover back money while *in transitu* to the other contracting party, there being in this case a *locus pœnitentiæ*, and the *delictum* being incomplete." *Edgar v. Fowler*, 3 East, 225; *Vischer v. Yates*, 11 Johns., 30; 2 Chitty on Con., 918.

These principles meet any view of the case which can well

be taken, conceding the position of the learned counsel of the respondent, that the contract with Wight was void as against public policy; so that it is unnecessary to express any opinion as to the illegality of such a contract.

On the case made, the plaintiff was clearly entitled to a verdict.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial.

Ryan, C. J., took no part.