MATTA, Respondent, vs. KATSOULAS, Appellant.

*January 14—February 8, 1927.*

*Bailment: Person receiving lottery ticket from owner and refusing to deliver prize: Illegal contracts: Who may assert invalidity: Torts committed on Sunday: Recovery on implied contract.*

1. Where plaintiff intrusted to defendant a lottery ticket entitling the holder to participate in a drawing for an automobile, the defendant, who had promised to let plaintiff know if she won the car, took possession of the automobile, which was won by plaintiff's ticket and delivered to him, as bailee under his implied agreement to deliver either the ticket or the automobile to her. p. 213.

2. Defendant could not defeat plaintiff's right to the car by showing that it was secured by means of a lottery, in violation of law, the person issuing the ticket being the only one entitled to make such a defense. p. 213.

3. The rule that the law will not enforce an illegal contract applies only as between the immediate parties thereto. p. 214.

4. Plaintiff's cause of action being based upon the wrongful conversion of the property, the law relating to Sunday contracts has no application to the case. p. 214.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Replevin by *Hilda Matta* to recover an automobile from *Christ Katsoulas.* From judgment awarding *Hilda Matta* possession of the automobile *Christ Katsoulas* appeals.

Every person who paid admission to a roof garden was given a ticket which entitled the holder thereof to participate in a drawing by which an automobile was given to the holder of the lucky number. Plaintiff held the winning ticket, but left before the drawing took place. The court found that she handed her ticket to the defendant and told him to let her know if she won the car. Those in charge of the drawing read and spelled out the plaintiff's name which appeared upon the ticket which drew the automobile, although her given name was misspelled. When plaintiff's ticket was drawn,

defendant stated that he held that number and presented plaintiff's ticket, without giving his name. Those in charge of the drawing declared the defendant the winner of the automobile, returned the ticket to him, and told him to present the ticket at the garage and take the automobile. Defendant presented the ticket, took the automobile, and refused to surrender the car to plaintiff when she demanded it. She then brought this action of replevin.

For the appellant there was a brief by *Duffy & Duffy* of Fond du Lac, and oral argument by *F. Ryan Duffy.*

For the respondent there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

STEVENS, J. (1) The finding of the court that plaintiff told defendant that he should let her know if she won the car is supported by the great weight of the evidence. Under this arrangement defendant was given possession of the ticket and took possession of the automobile as bailee of the plaintiff, with the obligation to account to plaintiff for the automobile won by her ticket which was intrusted to his care for the purpose of attending the drawing. The situation was such that the law implied an agreement on the part of the defendant to redeliver either the ticket or the automobile to the plaintiff. "No particular ceremony or actual meeting of minds is necessary to the creation of a bailment. . . . It is the element of lawful possession, however created, and duty to account for the thing as the property of another, that creates the bailment, regardless of whether such possession is based on contract in the ordinary sense or not." *Burns v. State,* 145 Wis. 373, 380, 128 N. W. 987.

(2) The defendant cannot defeat plaintiff's recovery by showing that the automobile was secured by means of a lottery which was in violation of law. The owner of the roof garden was the only one who could be heard to maintain that plaintiff was not entitled to the automobile because the drawing was held contrary to law or because plaintiff was not per-

sonally present when her number was drawn. The management of the roof garden raised no such question, but on the contrary awarded the car to the holder of plaintiff's number when it was presented by defendant. The rule that the law will not enforce an illegal contract has application only as between the immediate parties to the contract. "While the law will not enforce an illegal contract, yet if a servant or agent of another has, in the prosecution of an illegal enterprise for his master, received money or other property belonging to his master, he is bound to turn it over to him, and cannot shield himself from liability therefor upon the ground of the illegality of the original transaction." *Kiewert v. Rindskopf,* 46 Wis. 481, 485, 486, 1 N. W. 163.

(3) The fact that plaintiff handed her ticket to defendant on Sunday evening does not mean that she must depend upon a Sunday contract in order to recover. Plaintiff's cause of action is not based upon contract, but upon tort,—upon the wrongful conversion of her property by the defendant and the resulting obligation which the law imposes upon him as a bailee.

*By the Court.*—Judgment affirmed.