**MASSACHUSETTS BONDING & INS. CO. v. GOTTLIEB et al. (No. 2064.)**

Court of Civil Appeals of Texas. El Paso. Dec. 8, 1927.

Rehearing Denied Jan. 5, 1928.

Principal and surety ⬡⟹7—Where illegal contract between employer and salesman for selling goods through lottery had terminated, salesman's surety was liable for money salesman embezzled.

Where employer and salesman entered into illegal contract to dispose of goods by gambling device in nature of lottery through merchants with whom goods were placed, and, after illegal contract had terminated and illegal sales had been executed, salesman had received and retained money for goods which belonged to his employer, recovery could be had by employer against salesman, and therefore salesman's surety was liable on bond for money embezzled and value of goods converted.

Appeal from Dallas County Court at Law; Wm. M. Cramer, Judge.

Action by M. Gottlieb and others against the Massachusetts Bonding & Insurance Company. From the judgment, defendant appeals. Affirmed.

L. E. Elliott and Burgess, Burgess, Chrestman & Brundidge, all of Dallas, for appellant.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellees.

HIGGINS, J. The Emgee Sales Company, a partnership composed of appellees, employed Max Gruber, Jr., as a salesman to sell goods in Louisiana. Appellant became surety for Gruber upon a fidelity bond in the sum of $1,000, agreeing to indemnify the appellees against any pecuniary loss which they might sustain of money or other personal property belonging to appellees by any act of larceny or embezzlement on the part of Gruber while in the performance of his duties as such salesman.

Gruber's duties were to take orders for the goods, deliver same, and, at the expiration of 45 days, collect the purchase price and remit same to appellees. At the expiration of the 45 days, Gruber was to take back from the customers all unsold articles, allowing credit therefor. These returned articles it was Gruber's duty to return to appellees in Dallas or sell to other customers. He was to be paid a commission upon his sales with a guaranty of $35 per week, which was later increased to $40 per week. He worked about six weeks, when his employment ended. At the time he had collected certain moneys and had on hand certain merchandise, for all of which he failed to account to his employers, who brought this suit against appellant, setting up that Gruber had embezzled said money and converted said goods to his own

use. Gruber was not sued; it being alleged and proven that he was notoriously insolvent.

The goods which Gruber was employed to sell were sets of merchandise, consisting of watches, pipes, pistols, razors, cigarettes, and many other articles. In the sets were $10 gold pieces and dollar bills. It was contemplated and intended by appellees that their customers should dispose of these articles by what in effect was a lottery operated by punch boards which accompanied the sets.

It is very clear that appellees and Gruber entered into a vicious contract to dispose of the goods by a gambling device in the nature of a lottery through the various merchants with whom the goods were placed, and the transaction was in violation of the laws of both Texas and Louisiana. In a suit by appellees for the purchase price against any merchant to whom the goods had been sold, recovery would be denied because of the unlawful nature of the transaction. Hafale v. Canfield, etc. (Tex. Civ. App.) 268 S. W. 986.

But from the facts stated it will be seen that the illegal contract of employment had terminated, the illegal sales had been executed, and, at the termination of the employment contract, the salesman had received and retained money and goods which belonged, not to him, but to his employers, the appellees. This being the case, recovery could be had by the appellees against Gruber for the money embezzled and value of the goods converted, for, as was said in Wegner v. Biering, 65 Tex. 506:

"There is a broad distinction between contracts which are germane to the illegal transaction, which arise from but are collateral to it, and those which carry out the original scheme. Armstrong v. Toler, 11 Wheat. 272 [6 L. Ed. 468], belongs to the former class. A distinction also exists between the class last stated and those cases which have for their basis the realized proceeds of an illegal enterprise. When the contract has been executed without the aid of courts by the voluntary acts of the parties, the profit or estate realized is not contaminated. This distinction is illustrated in De Leon v. Trevino, 49 Tex. 89 [30 Am. Rep. 101], and Pfeuffer v. Maltby, 54 Tex. 454 [38 Am. Rep. 631] and is discussed and stated in McBlair v. Gibbs, 17 How. 232 [15 L. Ed. 132]."

Again, in Hartford Fire Ins. Co. v. Galveston, H. & S. A. Ry. Co. (Tex. Com. App.) 239 S. W. 919, it was said:

"It frequently happens as a result of the execution of an illegal contract that in consideration thereof some new title to property or some new property right vests in one of the parties to such contract. When such contract has been fully executed, and suit is brought, not for the enforcement thereof, but for a recovery upon or enforcement of the new title or right thus acquired relief will not be denied."

See, also, Hunt v. Turner, 9 Tex. 385, 60 Am. Dec. 167; De Leon v. Trevino, 49 Tex.

---

⬡⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

88, 30 Am. Rep. 101; Lewis v. Alexander, 51 Tex. 578; Pfeuffer v. Maltby, 54 Tex. 454, 38 Am. Rep. 631; Wegner Bros. v. Biering & Co., 65 Tex. 506; Floyd v. Patterson, 72 Tex. 202, 10 S. W. 526, 13 Am. St. Rep. 787; Hall v. Edwards (Tex. Com. App.) 222 S. W. 167; Beer v. Landman, 88 Tex. 450, 31 S. W. 805; Hartford Ins. Co. v. Galveston, etc., Ry. Co. (Tex. Com. App.) 239 S. W. 919; Armstrong v. Toler, 11 Wheat. 258, 6 L. Ed. 468; Brooks v. Martin, 2 Wall. 70, 17 L. Ed. 732; Ocean Insurance Co. v. Polleys, 13 Pet. 157, 10 L. Ed. 105; Norton v. Blinn, 39 Ohio St. 145; Phalen v. Clark, 19 Conn. 432, 50 Am. Dec. 255; Baldwin v. Potter, 46 Vt. 408; McDonald v. Lund, 13 Wash. 412, 43 P. 348; Central Labor Council v. Young, 136 Wash. 550, 240 P. 919; Matta v. Katsoulas, 192 Wis. 212, 212 N. W. 261; Kiewert v. Rindskopf, 46 Wis. 481, 1 N. W. 163, 32 Am. Rep. 731.

While the question is not free from doubt, we are of the opinion that Gruber is legally bound to account to appellees for such money and goods, and, having converted same to his own use, appellant is liable upon the bond sued upon.

Affirmed.