[Sac. No. 4652. In Bank.—March 1, 1934.]

CALIFORNIA GRAPE CONTROL BOARD, LTD., Respondent, v. BOOTHE FRUIT COMPANY (a Corporation), Appellant.

Dennett & Zion for Appellant.

Agnew & Boekel, Hawkins & Hawkins and John D. Gallaher for Respondent.

PRESTON, J.—The plaintiff, a co-operative marketing corporation, organized under the laws of California for the purpose of securing the benefits of the Federal Agricultural Marketing Act, caused to be grouped together in the year 1930, a large percentage of the grape acreage of California, by securing the signatures of the owners of such acreage to a uniform marketing agreement constituting it their selling agent. One Swanson, a signatory to such uniform agreement, had a grape yield on his acreage in Stanislaus County,

for the year 1930, of about 100 tons. In September, 1930, through his agent, one Paulson, he sold the said grapes on the vines to plaintiff. A down payment on the purchase price was made and conspicuous notices of purchase were posted throughout the vineyard. Later, payments were completed to Swanson himself. ■ The authority of the agent to sell was put in issue by defendant in this action, but the question of want of authority of said agent, if such defense were sustained, would be immaterial as the sale was specially ratified by the owner who, as above noted, personally received, without protest, the balance of the purchase price and, moreover, expressly approved the contract of sale after it was made by the agent.

The Boothe Company, a corporation (defendant here), had as its president and manager D. P. Boothe, who resented the policy, purposes and operations of plaintiff. Admittedly with full knowledge of the claims of ownership of plaintiff to said vineyard, said corporation, through its president, entered upon the lands of said Swanson and picked some 47 tons of said grapes, carried them away and converted them into raisins, which were marketed for its own benefit. Plaintiff's complaint here against said Boothe Company as defendant was cast in three counts. First, it sought an injunction against further depredations upon said vineyard by defendant; second, it stated a cause of action for claim and delivery and, third, it contained a plain count for conversion of personal property. It further alleged that the act of defendant was prompted and executed by fraud, malice and oppression and prayed for exemplary damages. The answer of defendant was a general and special denial. The case was tried upon the conversion count alone, the other two counts apparently being abandoned by plaintiff. The court made findings for plaintiff upon said count, fixing the value of the property converted at $387 and assessing exemplary damages against defendant in the sum of $100. Defendant appealed. We can find no merit in the grounds urged for reversal.

■ There is in the record ample evidence of malice and oppression on the part of said D. P. Boothe, who openly defied the rights of respondent as owner of the property and condemned its purposes in its efforts to stabilize the grape industry. In other words, what he did was done wilfully

with the firm intention of injuring and crippling the effectiveness of respondent. These acts of defendant's president and manager were imputable to the corporation (*Lowe* v. *Yolo County etc. Water Co.*, 157 Cal. 503 [108 Pac. 297]).

■ The claim that respondent suffered no damage because it intended to violate the state law by allowing the grapes to waste on the vines, clearly cannot be relied upon by appellant. The property belonged to respondent; appellant converted it. How respondent obtained it or what use it intended to make of it, can be no justification for the acts of appellant. Property rights are not administered according to speculation as to the purpose for which the property is intended to be used.

In *Marland Ref. Co.* v. *Duffy*, 94 Okl. 16 [220 Pac. 846, 35 A. L. R. 52], it is said: "The weight of authority establishes the rule of law that one who does an unlawful act is not thereby placed outside of the protection of the law, but that, to have this effect, the unlawful act must have some causal connection with the injury complained of . . . " See, also, *Matta* v. *Katsoulas*, 192 Wis. 212 [212 N. W. 261, 50 A. L. R. 291, and note p. 293].

■ The court under section 3336 of the Civil Code, gave to respondent the value of the property converted and the market value of said property was properly used as a basis for this award.

The judgment is affirmed.

Waste, C. J., Shenk, J., Thompson, J., and Curtis, J., concurred.