**STOLZ–WICKS, INC., an Illinois corporation, Plaintiff-Appellee,**

v.

**COMMERCIAL TELEVISION SERVICE COMPANY, Inc., an Indiana corporation, Defendant-Appellant.**

No. 12608.

United States Court of Appeals Seventh Circuit.

Oct. 27, 1959.

Edmund A. Schroer, Hammond, Ind., for appellant.

John J. McDonagh, Hammond, Ind., Arthur E. Engelland, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

HASTINGS, Chief Judge.

This was an action for a declaratory judgment in which plaintiff sought construction of the terms of a "drawing" leading to the award by it of an Edsel automobile in a business promotion campaign and further sought a judgment returning the automobile to it or in the alternative a recovery of its actual cash value for its conversion.

Plaintiff (appellee), Stolz-Wicks, Inc., is an Illinois corporation engaged in business as a wholesaler of radio and televi-

sion parts to repairmen in a multi-state operation. In the instant case, plaintiff sold and shipped directly in interstate commerce to defendants, two of its customers, who are citizens of Indiana. Defendants are Commercial T.V., a corporation [1] (appellant), four of its officers, and Ray L. Norris d/b/a Hobby Craft T.V. Jurisdiction is asserted because of diversity of citizenship.

The district court found the facts and stated its conclusions of law on which it rendered judgment for $3,017.96 for plaintiff against defendant, Commercial T.V., from which judgment it is the sole appellant. There was judgment in favor of the remaining defendants.

From the facts as found by the trial court the following transaction occurred: In an effort to stimulate sales, plaintiff conducted an advertising campaign which was to end in a drawing at which a 1958 Edsel automobile was to be presented to the *customer* holding the winning certificate. Plaintiff's customers were given a coupon with each fifty dollars worth of purchases from it and were entitled to receive one certificate for every ten coupons surrendered to plaintiff. Plaintiff held a dance in Chicago, Illinois, on February 1, 1958, for its customers and their guests; and as the customers entered the dance hall, they deposited their certificates in a box provided for that purpose. The rules of the drawing, as printed on the certificates, required that the holder of the certificate be present at the drawing to be eligible to win. At this time Norris was the holder of one such certificate (No. B 382), and Commercial T.V. had six of them.

Both Norris and Commercial T.V. conducted their businesses in Gary, Indiana. On the day of the drawing, February 1, 1958, Norris was in the shop of Commercial T.V. and asked its president, Cordinas, whether anyone from Commercial T.V. was planning to attend the dance and drawing that night. Cordinas answered in the affirmative. Norris then requested that some one from Commercial T.V. take his certificate and act as his representative at the drawing. (Norris said he was not going and signed his certificate in the name of his business, Hobby Craft T.V.) Norris had been told by one of plaintiff's salesmen, Chandler, that it would be within the contest rules for him to be represented by Commercial T. V.

Norris's certificate No. B 382 was deposited in the box from which the drawing was made by Casbon, the treasurer of Commercial T.V., along with Commercial's six certificates. Casbon was advised by Chandler to do this. Subjada, plaintiff's sales manager, acted as master ing. Certificate No. B 382 belonging to of ceremonies and conducted the draw- Norris was drawn from the box. No complaint is made here as to the manner of the drawing. Norris was not present.

Casbon presented the stub from the winning certificate to Subjada and in response to an inquiry from him said that he was from Hobby Craft T.V. Subjada then gave Casbon the certificate of title to the Edsel, assigned in blank by plaintiff, together with the keys to the car, and Casbon drove the car to Gary. The next day (Sunday) Norris was informed by Cordinas that Hobby Craft T.V. had won the Edsel and told him to come to Commercial T.V. the following day (Monday) to "settle things up." Norris went to Commercial T.V. on Monday but was refused possession of the Edsel. Later, Commercial refused to purchase Norris's equity in the automobile and refused further repeated demands to surrender the car to Norris. About two weeks before trial, Commercial T.V. sold the Edsel for approximately $2,000 and intends to retain the money obtained from the sale.

The trial court further found that the evidence as to whether plaintiff was licensed to do business in Indiana was inconclusive.

■ In passing, we may say that an examination of the record shows ample

---

1. Also, sometimes referred to in the record as Commercial Television Service Co., Inc.

support for the findings of fact by the district court, and we hold that they are not clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

■ Appellant contends that the transaction in question was a lottery, illegal in character, and unenforceable in the federal courts. Assuming, *arguendo*, that plaintiff's campaign to stimulate sales did have some of the elements of a lottery, such a defense is not available to appellant in this case. Commercial T.V. was not a party to the lottery agreement between plaintiff and Norris. It had no legal or equitable right to the automobile or its value, but it is seeking the unjust enrichment of itself by attempting to assert the defense of illegality to benefit by its own wrongdoing.

■ In the absence of any express holding in Indiana or Illinois, "[t]he rule that the law will not enforce an illegal contract has application only between the immediate parties to the contract," as stated in Matta v. Katsoulas, 1927, 192 Wis. 212, 212 N.W. 261, 262, 50 A.L.R. 291, is sound and applicable. Hence, it follows that one in possession of the fruits of an illegal transaction to which he was not a party cannot invoke the defense of illegality. 50 A.L.R. 293, and cases collected there.

■ We hold that on this issue plaintiff was entitled to recover from Commercial T.V. the cost to it of the automobile in question.

Appellant further contends that plaintiff is barred from maintaining this action in the United States District Court for the Northern District of Indiana under the provisions of Section 25–314, Burns' Indiana Statutes, 1948 Replacement, which provides in pertinent part as follows:

"No foreign corporation transacting business in this state without procuring a certificate of admission * * * shall maintain any suit, action or proceeding in any of the courts of this state upon any demand, whether arising out of con-

tract or tort; * * * [providing for penalty] * * *."

■ Appellant asserts that the trial court's finding that evidence as to whether plaintiff was licensed to do business in Indiana "is inconclusive" is clearly erroneous, under the evidence heard in the trial. Assuming, without deciding, that plaintiff did not have such a license, this will avail appellant nothing here. It has been held, and we think properly so, that exclusion from the federal courts in a state with a statute similar to the foregoing Indiana statute has reference solely to transactions in *intrastate* commerce, Waggener Paint Company v. Paint Distributors, 5 Cir., 1955, 228 F.2d 111, 113; and such statutes "do not, and will not be construed to, deal with suits on interstate transactions; and that, if they are so construed, they will not be upheld." *Ibid.* We are not dealing here with a diversity situation similar to those in which the courts have denied recourse to the federal court in a state where access to the courts of that state has been denied by virtue of a state statute as determined in a long line of cases beginning with Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, down through Woods v. Interstate Realty Co., 1949, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524.

There being no question here but that plaintiff was engaged in *interstate* commerce in its dealings with both defendant customers, we hold that the foregoing Indiana statute has no application to the instant case.

■ Finally, appellant argues that the court was without jurisdiction because plaintiff failed to prove the requisite amount of $3,000 under 28 U.S.C.A. § 1332. There is no merit in this contention. The evidence shows that plaintiff paid $2,968.46 to an Edsel dealer for the automobile and provided a top roof carrier out of its own stock for the car (a station wagon) at an invoice price of $49.50, representing its own cost of this item, for a total cost of $3,017.96. This was the amount of the judgment rendered

by the court, and there was no error in such a determination. It is in excess of the minimum jurisdictional amount in effect at that time.

The judgment of the district court is

Affirmed.