UNITED STATES of America, Judg-
ment-Creditor and Petitioner,

v.

Samuel WAGNER, Judgment-Debtor.

No. M 18–304.

United States District Court,
S. D. New York.

July 13, 1978.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for judgment-creditor and petitioner by Robert M. Jupiter, Asst. U. S. Atty., New York City.

Allen G. Schwartz, Corp. Counsel, New York City, for judgment-debtor by Kenneth Conboy, Deputy Commissioner, Legal Matters, New York City Police Dept., New York City, John P. Rudden, Atty. N.Y.C. Police Dept., New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Petitioner holds an unsatisfied judgment arising from a criminal fine assessed against Samuel Wagner (Wagner). Seeking to collect that judgment under Rule 69(a), Fed.R.Civ.P., petitioner moves for (1) a determination whether $6,000 held by the New York City Police Department Clerk (respondent) is Wagner's property, and (2) an order pursuant to N.Y. CPLR §§ 5225 [1] and 5239 [2] (McKinney 1978) directing re-

---

1. Section 5225 provides, in relevant part:

   "Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money . . . in which the judgment debtor has an interest . . . where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor . . . .."

2. Section 5239 provides, in relevant part:

   "Prior to the application or property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt, by serving a notice of petition upon the respondent, the sheriff or receiver, and such other person as the court directs, in the same manner as a notice of motion."

spondent to pay $5,750 of that money to petitioner.

In 1973, the Universal Metal Chain Company (Universal) was arranging to move to New Jersey from an urban renewal area in Brooklyn, New York. Richard Laupot, Universal's owner, hired Dennis Green, the operator of a moving consultant firm, to screen moving companies and to file with the City of New York bids from those movers selected by Green. Wagner, a commercial mover, conspired with others to secure the Universal contract by offering kickbacks and other illegal inducements to Green and Laupot. Pursuant to that conspiracy, on December 6, 1973, Wagner paid Green $6,000 to file fraudulent bids. Green, however, informed the United States Attorney's office of the kickback scheme and forwarded the $6,000 to a police detective. The detective, in turn, deposited the money with respondent.

Wagner subsequently pleaded guilty to federal charges arising out of the kickback scheme and was fined $7,500 on May 28, 1975. That fine, of which $5,750 remains unpaid, was docketed as Judgment No. 75,-510 on June 10, 1975. Petitioner now seeks to satisfy the judgment from the funds held by respondent.

Petitioner can prevail if Wagner presently "is entitled to the possession of [the $5,750] . . .."[3] Respondent contends that Wagner is not entitled to such possession because his rights to the money were forfeited under New York City Administrative Code § 435–4.0e, which provides, in relevant part:

> "Where moneys . . . have been used as a means of committing crime or employed in aid or furtherance of crime . . . a person . . . who so used, employed, sold or held any such

moneys . . . shall not be deemed a lawful claimant entitled to any such moneys . . . .."

That section, however, is inapplicable here. Property can be forfeited to a sovereign only upon a violation of the sovereign's laws.[4] Wagner was never convicted of a state or municipal crime. Indeed, there is no evidence that state or local charges were ever brought against him. His property, therefore, cannot be forfeited to the City of New York.

Respondent also contends that Wagner has no legally enforceable claim to the money because he gave the funds to Green pursuant to an illegal contract. Generally, a party cannot recover money given as consideration for an illegal contract if the contract is subsequently breached.[5] However, only the parties to the contract can assert its illegality; "one in possession of the fruits of an illegal transaction to which he was not a party cannot invoke the defense of illegality."[6] Respondent was not a party to the agreement between Green and Wagner and thus could not assert the illegality of that agreement if Wagner should demand the money.

We conclude, therefore, that Wagner presently "is entitled to the possession of" the $5,750 held by respondent.

Accordingly, petitioner's motion is granted in all respects.

Submit an order within ten (10) days.

---

3. N.Y. CPLR § 5225 (McKinney 1978).

4. See *Van Oster v. Kansas,* 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354 (1926); *Lawton v. Steele,* 152 U.S. 133, 14 S.Ct. 499, 38 L.Ed. 385 (1894).

5. See cases cited at 17 C.J.S. Contracts § 272 (1963).

6. *Stolz-Wicks, Inc. v. Commercial Television Serv. Co.,* 271 F.2d 586, 589 (7th Cir. 1959). See *Central Bank & Trust Co. v. First Northwest Bank,* 332 F.Supp. 1166 (E.D.Mo.1971), aff'd, 458 F.2d 511 (8th Cir. 1972).